## HOPKINS AND ANOTHER v. HOWARD.

A petition is not necessary in a proceeding to revive a judgment by *scire facias*.

A judgment by confession, without process, and without affidavit to the justness of the debt, is erroneous for want of such affidavit, but is not void, but valid and binding unless reversed on appeal or writ of error.

In a proceeding to revive a judgment by *scire facias*, the District Court can not revise and reverse or annul the judgment.

Error from Red River. This was a *scire facias* (without petition) to revive a judgment and have execution. The defendant pleaded to the *scire facias*, that the judgment was void, because rendered by confession, and without process, and the justness of the debt was not sworn to as required by Article 770 of the Digest. The record of the former suit was brought before the Court, and the oath required by the statute did not appear. The Court ruled that it was not necessary that it should appear by the record; and gave judgment for the plaintiff, and the defendants brought a writ of error. Two grounds were relied on for reversing the judgment; 1st. That the proceeding was not commenced by petition. 2nd. That the judgment was void for the want of an affidavit of the justness of the debt.

*Henderson & Jones*, for plaintiffs in error. I. The proceedings of the suit of *scire facias* were not commenced by petition, and "the whole proceeding must be treated as a nullity, and the entire cause dismissed." (1 Tex. R. 20; Dallam, p. 401; Hart. Dig. Art. 669; 8 Tex. R. 143.)

That the action of *scire facias* to revive a judgment is of the nature of a "suit," there can be no doubt. It is an application or petition for relief, and, therefore, is properly a suit, and within the requisition of the statute. (McFadden v. Lockhart, 7 Tex. R. 575.)

II. The justness of the debt in the original suit was not sworn to, and therefore the judgment was bad, and could not be cured or made good on a *scire facias* to revive. (8 Tex. R 143 ; 10 Id. 257 ; 7 Id. 573 ; 9 Id. 498, 500.)

But it has been said that this defect cannot be set up to an action of *scire facias*, because it is not one which renders the judgment void. 1st: This is not the true rule. The rule is that no objection can be pleaded to a *scire facias* to revive a judgment, which existed before the original judgment, and could have been set up in the original suit. See Bullock v. Ballew, 9 Tex. R. 500, and the authorities there cited. 2nd. But does not the defect render the judgment void ? The want of a petition renders a judgment-void. (1 Tex. R. 20 ; Dallam 401 ; 8 Tex. R. 143.) And the want of the affidavit is put on a footing with the want of a petition. Thus in Flanagan v. Bruner, (10 Tex. R. 257,) it is said : " The statute, (Art. 770, Hart. Dig.,) authorizes a person, for " any *bona fide* debt, to appear without process, in person or by " attorney, and confess judgment ; but in such cases, a petition " shall always be filed, and the justness of the debt sworn to by " the person in whose favor the judgment is confessed."

*Young & Morgan*, for defendant in error.

WHEELER, J. If the present were an original action, the want of a petition would be a fatal error. But this Court has decided that a *scire facias* to revive a judgment is not a new suit, but is the continuation of the former one. (Perkins v. Hume, 10 Tex. R. 50 ; 9 Johns. R. 259.) The statute (Dig. Art. 2378) gives the right to revive a judgment, either by *scire facias* or an action of debt, where execution has not issued within the year. Though a *scire facias* is in the nature of an original, in that the defendant may plead to it, and in that respect is considered as an action, (McFadden v. Lockhart, 7 Tex. R. 575,) yet in other respects it is deemed a judicial, not

an original writ, (3 Tom. Law Dic. "*Scire Facias*") and, consequently, is not the commencement of the suit. (Id. Tit. "Writ," 3 Bl. Com. 272, 282.) Being a judicial writ, and issued after the commencement and in the continuation of the original suit, a petition is not necessary in order to obtain the writ.

The want of an affidavit of the justness of the debt was error, for which the judgment must have been reversed on appeal or writ of error. But though erroneous by reason of the omission, the judgment was not thereby rendered void. It is valid and binding until reversed. The defendant can not avail himself of errors in the judgment by pleading to the *scire facias*. The District Court can not by means of this proceeding revise and reverse or annul its judgments. Although the judgment be erroneous, debt lies, and of course a *scire facias* to revive, until it has been reversed. (Bullock v. Ballew, 9 Tex. R. 500.)

We are of opinion that the Court did not err in its judgment, and that it be affirmed.

Judgment affirmed.