SIMMONS v. ZIMMERMAN LAND & IRRIGATION CO. et al.   (No. 1977.)

Court of Civil Appeals of Texas. El Paso.
March 10, 1927.

1. Pleading ⚖➔34(3)—Every reasonable intendment is indulged in favor of pleading, on general demurrer.

On general demurrer, every reasonable intendment will be indulged in favor of pleading.

2. Judgment ⚖➔870(6)—Dormant judgment may be revived on scire facias without petition on mere motion (Rev. St. 1925, arts. 3773, 5532).

Under Rev. St. 1925, arts. 3773, 5532, dormant judgment may be revived on scire facias without petition on mere motion.

3. Corporations ⚖➔630(½)—Corporation and directors as trustees may be sued by judgment creditor to revive judgment after dissolution of corporation (Rev. St. 1925, arts. 1390–1392).

Under Rev. St. 1925, arts. 1390–1392, suit to revive dormant judgment may be brought by judgment creditor against corporation itself and against directors of corporation as trustees after corporation has been dissolved.

4. Judgment ⚖➔870(6)—Petition to revive dormant judgment against corporation and trustees held not demurrable for want of service.

Petition against corporation and trustees, to revive judgment which had become dormant for want of execution against corporation which became defunct after judgment, held not demurrable for want of service.

5. Judgment ⚖➔870(6)—Petition to revive dormant judgment against corporation which had become defunct need not set out judgment hæc verba.

Petition against corporation and trustees to revive dormant judgment against corporation which had become defunct after its rendition need not set out judgment in hæc verba.

6. Judgment ⚖➔870(6)—In petition to revive dormant judgment against corporation becoming defunct by failure to pay franchise tax, it was not necessary to allege date of entry of forfeiture on record (Rev. St. 1925, art. 1387, § 5, and art. 7091).

Petition to revive dormant judgment against corporation, alleging that corporation was defunct and became such after rendition of judgment and before filing petition by forfeiture of charter for failure to pay franchise tax, sufficiently alleged that corporation became defunct without stating date that secretary of state entered forfeiture on record, in view of Rev. St. 1925, art. 1387, § 5, and art. 7091, providing for forfeiture for failure to pay tax without judicial ascertainment.

7. Judgment ⚖➔865—Dormant judgment may be revived against defunct corporation not under receiver and made party to suit, regardless of whether it has forfeited right to do business in state (Rev. St. 1925, art. 1391).

Under Rev. St. 1925, art. 1391, where no receiver was appointed for defunct corporation which was made party to suit to revive dormant judgment against it, plaintiff was entitled to have judgment revived, whether corporation had forfeited right to do business in state or not.

Appeal from District Court, Pecos County; C. R. Sutton, Judge.

Action by J. M. Simmons against the Zimmerman Land & Irrigation Company and others. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

R. D. Blaydes, of Fort Stockton, and Kemp & Nagle, of El Paso, for appellant.

James R. Harper, Jno. B. Howard, and W. E. Loose, all of El Paso, Howell Johnson, of Fort Stockton, and W. A. Wright and W. A. Anderson, both of San Angelo, for appellees.

WALTHALL, J. The trial court sustained a general demurrer and several special exceptions to the petition, which we copy in full. The plaintiff refused to amend, and the suit was dismissed, to all of which exceptions were taken, and this appeal duly perfected.

Omitting the formal parts, the petition is as follows:

"Now comes J. M. Simmons, who resides in Pecos county, Tex., and hereinafter called plaintiff, and for causes herein complains of Zimmerman Land & Irrigation Company, a defunct corporation, and of the trustees and officers and stockholders thereof as such, and would respectfully show, in this his first amended petition filed in lieu of his original petition herein filed January 11, 1926:.

"I. That the said Zimmerman Land & Irrigation Company is a defunct quasi public corporation, whose charter was duly granted under and by virtue of the laws of the state of Texas, and whose principal office and place of business during its lawful existence was in Pecos county, Tex. That at the time the said corporation became defunct, one S. A. Sharp was a stockholder and director of the said corporation and its president, and is now by virtue thereof a trustee thereof. And at the time said corporation became defunct, Howell Johnson was a stockholder and director of the said corporation, and its secretary, and is now by virtue thereof a trustee thereof. And at the time said corporation became defunct J. W. Lutz was a stockholder and director thereof, and is now by

virtue thereof a trustee thereof. And plaintiff is further informed and believes and charges the fact to be that at the time said corporation became defunct, R. H. Grey was a stockholder and director thereof, and by virtue thereof is now a trustee thereof. And that J. D. Reneau, at the time said corporation became defunct, was a stockholder thereof. And plaintiff believes there are other stockholders of the said corporation at the time it became defunct. That the residence of the said S. A. Sharp, Howell Johnson, R. H. Grey, and J. W. Lutz is Pecos county, Tex. That the residence of the said J. D. Reneau is unknown to plaintiff, and the names and residences of the other stockholders of the said corporation are unknown to plaintiff. That one of the attorneys of record of the said corporation, at the time of the rendition of the judgment hereinafter pleaded, was the said Howell Johnson. That said corporation became defunct after the rendition of said judgment and before the filing of this cause, by due forfeiture of its charter due to failure to pay its franchise tax.

"II. That heretofore on the 17th day of September, A. D. 1923, in the district court of Pecos county, Tex., plaintiff recovered a judgment against the said Zimmerman Land & Irrigation Company for the total sum of $4,170.32, with interest from said date on $3,791.20 thereof at the rate of 10 per cent. per annum, and with interest on the balance, to wit, on $379.12, from said date at the rate of 6 per cent. per annum, and all costs of suit accrued therein, with a foreclosure of plaintiff's attachment lien as it existed on the 22d day of April, 1919, on certain properties comprising all of the canal and irrigation system then the property of Zimmerman Land & Irrigation Company, and which judgment was obtained in said cause styled 'J. M. Simmons v. Zimmerman Land & Irrigation Company,' No. 1348 in said court; and which judgment is duly recorded in the minutes of the district court of Pecos county, Tex., in volume 3, p. 499 et seq.; to which judgment and record, reference is hereby made for more particular description; and that there is only one judgment in this court in favor of plaintiff against said Zimmerman Land & Irrigation Company, and that one judgment is the one sought to be identified herein.

"III. That no appeal nor writ of error was ever taken or sued out in said cause, nor has any part of said judgment been paid or discharged; but that all of same is still due plaintiff from said defendant, and is wholly unpaid, and is in full force and effect, except that no execution or order of sale was issued on or pursuant to said judgment within one year from and after its rendition; but the said judgment is a valid and a subsisting and unsatisfied judgment in every particular except as to such failure of execution to issue thereon within one year of its rendition. This action is one, not of debt with judgment as evidence thereof, but is one to revive the said judgment in order that plaintiff, who is still the sole owner thereof, may have execution or order of sale issued thereon.

"IV. Wherefore your petitioner or plaintiff prays that due writs of citation issue hereon and herein, including citation by publication for said J. F. Reneau as such stockholder, as well as for the unknown stockholders of said corporation at the time it became defunct, all as provided by law; and on final hearing that plaintiff, J. M. Simmons, have judgment against said defendant, reviving the said judgment pleaded herein in every particular, in order that he may sue out his execution or order of sale thereon."

Citation was duly served on all of the defendants named, including the Zimmerman Land & Irrigation Company.

Howell Johnson, S. A. Sharp, J. W. Lutz, J. D. Reneau answered by general and special exception and general denial, and R. H. Grey answered by general exception, general denial, and that he was never a stockholder or director in the defendant company.

Appellant filed assignments of error, and, germane thereto, present propositions calling in question the action of the court in sustaining the general and special exceptions, and dismissing the suit.

Article 5532, Revised Civil Statutes 1925, provides that—

"A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or any action of debt brought thereon within ten years after date of such judgment, and not after."

Article 3773, Revised Statutes 1925, provides that—

"If no execution is issued within twelve months after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue unless such judgment be revived. If the first execution has issued within the twelve months, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

Acts of the Legislature, 2d Special Session, 1919, p. 40, carried forward in articles 1390 and 1391 of the Revised Statutes of Texas 1925, among other things provide as follows:

"Art. 1390. The dissolution of a corporation shall not operate to abate, nor be construed as abating any pending suit in which such corporation is a defendant, but such suit shall continue against such corporation and judgment shall be rendered as though the same were not dissolved."

"Art. 1391. When no receiver has been appointed for said corporation, suit may be instituted on any claim against said corporation, as though the same had been dissolved, and service of process may be obtained on the president, directors, general manager, trustee, assignee, or other person in charge of the affairs of the corporation at the time it was dissolved, and judgment may be rendered as though the corporation had not been dissolved, and the assets of said corporation shall be liable for the payment of such judgment just as if said corporation had not been dissolved."

Article 1392 of the Revised Statutes of 1925 also provides:

"If a corporation, except a railway, charitable or religious corporation, be dissolved leaving debts unpaid, suit may be brought against

any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if judgment be rendered and execution satisfied, any defendant may sue all who were stockholders at the time of dissolution for the recovery of the portion of such debt for which they were liable."

Chevrolet Motor Co. v. Morris Auto Co., 269 S. W. 872, in which Chief Justice Jones, in delivering the opinion of the Court of Civil Appeals at Dallas, says:

"Under article 1206, Revised Statutes, as amended by the Acts of the Legislature of 1919 (2d Called Sess.) c. 56 (Vernon's Ann. Civ. St. Supp. 1922, art. 1206), this suit was authorized against the dissolved corporation, and the court did not err in overruling said appellants' plea in abatement, and did not err in awarding judgment against said dissolved corporation. Previous to this amendment of said article, such suit could not have been maintained. White v. Motor Car Co. (Tex. Com. App.) 228 S. W. 138."

Lyon-Gray Lumber Co. v. Gibraltar Life Insurance Co., 269 S. W. 80, decided by the Commission of Appeals, held the Act of the Legislature, 2d Called Session 1919, above referred to, constitutional, and referred to the fact that even before the passage of that act the United States Supreme Court, in the case of Pease v. Rathbun-Jones, etc., Co., 243 U. S. 277, 37 S. Ct. 283, 61 L. Ed. 715, Ann. Cas. 1918C, 1147, and the Court of Civil Appeals at Texarkana in the case of Butcher v. Case, 207 S. W. 980, construed the Act of 1907 to authorize a judgment against a corporation, as such, after its dissolution.

Lakeside Irrigation Co. v. Buffington (Tex. Civ. App.) 168 S. W. 21, held, as correctly stated in the syllabus, that—

"An action by a creditor of a corporation after dissolution, against the president and directors as trustees, as authorized by Rev. St. 1911, art. 1206, making, upon dissolution of a corporation, its president and directors trustees of creditors, and authorizing actions against them, the stockholders were not necessary parties."

[1] It does not require citation of authorities to sustain the proposition that on general demurrer every reasonable intendment will be indulged in favor of the pleading.

[2] The statute quoted authorizes the revival of the dormant judgment, either on scire facias or otherwise, and as said in Polnac v. State, 46 Tex. Cr. R. 70, 80 S. W. 381:

"It is not necessary, in a scire facias proceeding to revive the judgment, that any petition accompany the writ. The judgment is revived on mere motion." Hopkins v. Howard, 12 Tex. 7.

[3] In the instant case, it will be observed, the petition alleges the date of the judgment, the amount thereof, and the parties to the judgment; that the plaintiff in this suit was the plaintiff in the original suit and at the time of the filing of this suit plaintiff was the owner of the judgment, referring to the book and page of the record in which this suit was filed; it alleges that the defendant corporation had become defunct by due forfeiture of its right to do business on account of failure to pay the franchise tax; it names the directors of the corporation and sues them merely as trustees, and also sues the corporation itself, as authorized under the above-quoted Act of 1919. The petition further alleges the dormancy of the judgment on account of failure to have execution issue within one year. Even prior to the Act of 1919, as held by the Texarkana court and the Supreme Court of the United States above referred to, and authorities there cited, suit could be brought against the corporation itself, and unquestionably the directors of the corporation, who were made trustees, under the statute, could be sued as such trustees.

[4] The record does not indicate the ground upon which the general demurrer was sustained. If, as suggested by appellees in their brief, and in oral argument, the procedure for obtaining service of process upon the corporation would necessarily be as indicated in article 1931, yet, if such would be proper and only way of getting service, which we are not called upon to decide, the court might not have jurisdiction over the corporation for want of service, so as to proceed with the case, but the want of service would not, we think, be ground of demurrer to the petition.

[5] It is not necessary that the petition set out the judgment in hæc verba, as suggested in a special exception, and sustained by the trial court. Whitley v. General Electric Co., 18 Tex. Civ. App. 674, 45 S. W. 959; Corpus Juris, vol. 34, p. 1093, where it is said:

"As a general rule judgments should be described with certainty and particularity. It is not necessary, however, to set out the judgment in hæc verba, but it is sufficient to set it forth according to its legal effect."

[6] One of the special exceptions sustained by the court goes to the insufficiency of the petition for the reason that it does not state "when nor how" the defendant corporation became defunct. The petition states the corporation "is a defunct quasi public corporation" and became defunct "after the rendition of said judgment and before the filing of this cause by due forfeiture of its charter due to failure to pay its franchise tax." Article 1387, Rev. St. 1925, provides that a corporation "is dissolved: * * * (5) By forfeiture of its charter without judicial ascertainment under any special provision of law."

The special provision of law alleged is the failure to pay the franchise tax. Article 7091 of Rev. Civ. Statutes (former article 7399), without quoting the article in full, provides that any domestic corporation which shall fail to pay any franchise tax provided for in the chapter when due shall, for such default, "forfeit its right to do business in this state," and the forfeiture shall be consummated without judicial ascertainment by the secretary of state entering such forfeited right upon the

margin of the record kept and the date of such forfeiture. For the purposes of this suit, the date of the entry on the record not being material on any issue involved, it would not be necessary, we think, to allege the date the secretary of state entered the forfeiture on the record.

[7] However that may be, under above article 1391, no receiver for the defendant corporation having been appointed, the corporation having been made a party to the suit, plaintiff was entitled to have his dormant judgment revived against the corporation, whether the corporation had forfeited its right to do business in this state or not. The statute authorizes ·such revival either upon motion, or scire facias without any petition.

We have concluded it was reversible error to sustain the general demurrer and the special exceptions and dismiss the cause of action, and for that reason the case is reversed and remanded.