OSCAR G. LONGORIA v. AUTORA VILLARREAL LONGORIA.

No. A-7391. Decided July 22, 1959.
Rehearing Overruled October 7, 1959.
(327 S.W. 2d Series 453)

*Lloyd & Lloyd,* of Alice for petitioner.

PERKINS, FLOYD & DAVIS, of Alice, for respondent.

PER CURIAM:

Petitioner asserts that this Court has jurisdiction under subdivisions 2 and 3 of Article 1728, Vernon's Ann. Texas Civ. Stats. As this is a divorce case, jurisdiction cannot be based upon subdivision 3 upon the assertion that the construction or validity of statutes necessary to a determination of the case is involved, State of Texas v. Wynn, 157 Texas 200, 301 S.W. 2d 76, but must be predicated upon subdivision 2 relating to a conflict of decisions. Cone v. Cone, 153 Texas 149, 266 S.W. 2d 860.

Complaint is made of the Court of Civil Appeals' action in entering an order requiring petitioner to pay to respondent certain money for the support of their minor children, 324 S.W. 2d 244, but our attention is not directed to any decision of this Court or of a Court of Civil Appeals which conflicts with the decision of the Court of Civil Appeals in the present case. The rule as to conflicts was stated in Garritty v. Rainey, 112 Texas 369, 247 S.W. 825 and recently reaffirmed in International Harvester Co. v. Stedman, 159 Texas 593 (1959), 324 S.W. 2d 543.

The support orders complained of as well as custody pro-

visions contained in the judgment or decree grew out of and were a part of the controversy which culminated in a decree which divorced the parties and settled their respective rights, including the custody of their children. We are here concerned with a "case of divorce" within the meaning of the Supreme Court jurisdictional statutes, Kellett v. Kellett, 94 Texas 206, 59 S.W. 809; Burbuieres v. Farrell, 126 Texas 209, 87 S.W. 2d 463; Cone v. Cone, 153 Texas 149, 266 S.W. 2d 860, and not with an independent suit having for its purpose the modification of a custody order because of a change in conditions arising subsequent to the divorce decree. Lakey v. McCarroll, 134 Texas 191, 134 S.W. 2d. 1016; Green v. Spell, Texas Civ. App., 191 S.W. 2d 92, wr. ref., 144 Texas 535, 192 S.W. 2d 260; Goodman v. Goodman, Texas Civ. App., 236 S.W. 2d 641, no writ history. With reference to the modification of support orders, see Article 4639A, Sec. 1, Vernon's Ann. Texas Stats.; Williams v. Williams, Texas Civ. App., 183 S.W. 2d 260, no writ history; Yeagle v. Bull, Texas Civ. App., 235 S.W. 2d 226, no writ history.

The application for writ of error is dismissed for want of jurisdiction.

Opinion delivered July 22, 1959.

Rehearing overruled October 7, 1959.