George **CARTER**, Petitioner,

v.

Mary Edith **CARTER**, Respondent.

No. A–9196.

Supreme Court of Texas.

Oct. 17, 1962.

Gean B. Turner, James E. Ferguson, Cleburne, for petitioner.

R. A. Kilpatrick, John A. James, Jr., Cleburne, for respondent.

## PER CURIAM.

The Court of Civil Appeals affirmed that portion of the trial court's judgment which granted petitioner a divorce, but reversed such judgment in so far as it awarded custody of the child to petitioner and remanded that phase of the case for a new trial. 359 S.W.2d 184. Since this is a divorce action, the Supreme Court may exercise writ of error jurisdiction only if the case falls within the purview of either Subdivision 1 or Subdivision 2 of Article 1728.[1] See Article 1821; Bishop v. Bishop, Tex.Civ.App., 359 S.W.2d 869; Williams v. Williams, 160 Tex. 99, 325 S.W.2d 682; Longoria v. Longoria, 160 Tex. 134, 327 S.W.2d 453. Petitioner does not contend that we have jurisdiction under Subdivision 1. He asserts jurisdiction under Subdivision 2, but the holdings of the Court of Civil Appeals in this case are not so in conflict with the decisions cited in the application for writ of error as to authorize us to exercise jurisdiction under that Subdivision. The application for writ of error is accordingly dismissed for want of jurisdiction.

1. "1. Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision.

"2. Those in which one of the Courts of Civil Appeals holds differently from a prior decision of another Court of Civil Appeals, or of the Supreme Court upon any question of law material to a decision of the case."