Lucio MOYA, et al., Appellants,

v.

John J. O'BRIEN et al., Appellees.

No. 17971.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 18, 1981.

Rehearing Denied July 23, 1981.

Lester R. Buzbee, III, Buzbee & Kleiber, Houston, for appellants.

M. Cesar Guillen, La Feria, Allen Wood, Corpus Christi, John C. Beasley, Beeville, for appellees.

Before COLEMAN, C. J., and SMITH and PEDEN, JJ.

SMITH, Justice.

Lucio Moya, et al., appellants, sued John J. O'Brien, et al., appellees, to recover possession of one and one-quarter leagues of land, and for an accounting and damages. The trial court granted summary judgment that appellants take nothing.

Appellants allege that they are the heirs of Augustin and Juan Moya, who acquired title to the land in question by a Mexican government land grant made on December 3, 1834. They state that said ancestors were continually in possession of said property until 1874 when they were "under cover of law" murdered and that their wives and children were forced to flee to secure peace and safety. They further allege that the descendants were intimidated, many family members murdered, and that no affirmative action was taken by the agents of the State of Texas to protect such descendants. They also allege that repossession of the land and redress for the wrongful detainer of the land has been prevented by county clerks, sheriffs, and district attorneys as agents of the State of Texas, that erroneous information has been given to the appellants as to their rights and interest in the described lands, and that access to public records has heretofore been denied.

The appellees, in answer to the allegations, plead the three, five, ten and twenty-five year statutes of limitation. The appellants assert the statutes of limitations are unconstitutional as applied to the factual situation in their case.

Appellants did not answer the appellees' motion for summary judgment and did not appear in court on the day the motion was heard. The appellants filed a motion for rehearing within ten days of the granting of the summary judgment and the court permitted the filing of appellants' response to the motion. The court then overruled appellants' motion for rehearing on the summary judgment.

■ The appellants allege in their first point of error that there is a material fact

issue as to the applicability of the statute of limitations. The basis of such assertion is that since the year of 1874 the Moya family has been prevented by local authorities from seeking redress in the courts of Texas, and that as a result, the Moyas have been deprived of the possession and title to their land without due process of law. The appellants concede that the appellees have not been participants with those that they have alleged prevented them from seeking redress in the courts.

The appellants urge that the statutes are not applicable because third persons, not parties to this cause of action, in some manner prevented them from seeking redress from the courts. There is no indication in the appellants' pleadings or response to the appellees' motion for summary judgment who the specific persons were or what specific acts these persons committed to prevent the appellants and their ancestors from seeking redress in the courts for a period of time in excess of one hundred years.

Article 5518, Tex.Rev.Civ.Stat. (1968), establishes the exceptions to the statutes of limitations and the appellants have not alleged facts which would invoke the application of that statute.

Statutes of limitations are in the nature of statutes of repose, requiring diligence in enforcing rights and putting an end to litigation. Our courts, while recognizing an exception in cases of fraud undiscovered or concealed, have declined to ingraft further exceptions upon our statutes of limitation by judicial construction through equitable or other considerations. *Davis v. Howe*, 213 S.W. 609, 616 (Tex.Com. App.—1919).

If the appellants have been denied due process of law, it was not the appellees who did it, but third parties whom the appellants have not named.

The appellants fail to cite cases that sustain their contention that the acts of third parties stayed the applicability of the statutes of limitations to the appellees' claim of title. However, whether a statute of limitations is applicable to a given factual situation is a question of law, not a fact issue as alleged by appellants. Summary judgment is proper where the only question is one of law. *Wright v. Wright*, 154 Tex. 138, 274 S.W.2d 670 (1955). Appellants' first point of error is overruled.

The appellants allege in their second and third points of error that there is no evidence or insufficient evidence to support the summary judgment.

The appellees allege in their motion for summary judgment that they were entitled, as a matter of law, to judgment by virtue of the five, ten and twenty-five year statutes of limitation, which are Articles 5509, 5510 and 5519 respectively.

Article 5510, the ten year statute of limitation, is applicable only to 160 acres of land. In view of the fact that this suit involves approximately 5,500 acres of land, Article 5510 could not support the summary judgment for the entire acreage in controversy unless such possession is taken and held under some memorandum of title, other than a deed, which fixes the boundaries of the possessor's claim and is duly registered. There is no such memorandum in the records of this case.

Articles 5509 and 5519 require that a person claiming title to the land must be claiming under a deed or deeds. The affidavits attached to the appellees' motion for summary judgment reflect that the acreage claimed by the appellants is a portion of the property generally known as the Quincy Ranch, consisting of approximately 13,193 acres of land. The land was acquired in two relatively large transactions in 1934 and 1935. The affidavits state the date of each of the deeds as well as the volume and page number where the deeds were recorded in the county courthouse in Bee County, Texas. The affidavits further state that the O'Brien family has used, owned, possessed and occupied the properties as the sole owner since the property was acquired, and further that such occupancy and possession has been continuous from the time it was acquired, and has been open, notorious, adverse and hostile to the claims of all other persons. Maps and plats of the described land were attached to the affidavits

but no copies of the deeds referred to in the affidavits were attached.

The appellants urge that the abstract of title filed by the appellees pursuant to Rule 791, Tex.R.Civ.P. 791 (Vernon 1980), could not be considered by the trial court for purposes of the motion, that the affidavit attached to the motion for summary judgment did not have copies of the deeds attached thereto, and that therefore the appellees have presented no proof to the trial court that would support the granting of a summary judgment.

There is nothing in the trial court's judgment which would indicate that it considered the abstract of title in reaching its judgment. The appellants have alleged that a patent had been granted out of the sovereign. Therefore, the abstract was not necessary to trace title out of the sovereign.

■ The appellants are correct in their assertion that there were no sworn or certified copies of the deeds attached to the appellees' motion for summary judgment. Rule 166–A(e) Texas Rules of Civil Procedure, states: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." This Rule further states: "Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."

The appellants made no objection to the form of the affidavits or the lack of attachments in the trial court. The deficiencies in the affidavit are being raised for the first time on appeal and are purely formalities which we assume would have been cured if objection had been timely raised. We hold that objections to the form of the affidavits or attachments were waived by the appellants and cannot be raised for the first time on appeal. *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375 (Tex.Civ. App.—Tyler 1978, writ ref'd n. r. e.); *Youngstown Sheet and Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1962).

The appellants further contend that the affidavits attached to the motion for summary judgment were not made from personal knowledge of the affiants and therefore do not meet the requirements of Rule 166–A(e) T.R.C.P. We disagree.

■ It is true that terms such as "I believe" are in the affidavits in several places and in some instances hearsay is included. However, a close reading of the affidavits leaves no doubt that the affiants are speaking from personal knowledge. Too, when the portions of the affidavits containing hearsay are not considered, the remaining statements in the affidavits contain sufficient factual information to sustain the burden of proving the allegations in the motion for summary judgment. The appellants' second and third points of error are overruled.

■ The appellants allege in their fourth point of error that the trial court erred in not granting appellants' motion for a rehearing.

The appellants did not appear at the original hearing on appellees' motion for summary judgment, although duly notified. The trial court permitted the appellants to file their answer to the motion for summary judgment after the judgment had been signed, although it was not timely offered. An inspection of the affidavit attached to appellants' answer to the motion reveals that the statements made therein are hearsay, conclusionary in nature and do not controvert the voluminous affidavits attached to the appellees' motion for summary judgment. Moreover, the affidavit does not state facts that would support the appellants' claim of co-tenancy or alleged acts of "bad faith" by the appellees. We hold the trial court did not abuse its discretion in refusing to grant a hearing on the motion for summary judgment. Appellants' fourth point of error is overruled.

■ By their fifth point of error, the appellants urge that the judgment of the trial court is ambiguous, indefinite and void on its face. The appellants plead a class action and the appellees' motion for summary judgment stated "As a matter of law, plaintiffs are not entitled to maintain this suit as a class action." However, the judgment fails to mention the class action.

We agree that the judgment should have indicated that the class action was dismissed. The judgment should be reformed accordingly. *Brittian v. Telephone Company of the Southwest*, 533 S.W.2d 886 (Tex. Civ.App.—Fort Worth 1976, writ dism'd).

The appellants further urge that the judgment is void because the land involved is not described with certainty. We disagree with this contention as the maps and plats attached to the appellees' motion for summary judgment describe the property involved by metes and bounds. The appellants' fifth point of error is overruled except as noted.

The judgment of the trial court is reformed to include the dismissal of the class action, and in all other respects the judgment is affirmed. Costs of appeal are charged to the appellants.