### James Worthington CRAWFORD, Appellant,

v.

### Sara Crawford GARDNER, Appellee.

No. 05–84–00481–CV.

Court of Appeals of Texas, Dallas.

Feb. 22, 1985.

Jerry Melton, David A. White, Dallas, for appellant.

Ralph Hartman, Leslie Wilshusen, Dallas, for appellee.

Before CARVER, GUILLOT and HUGHES[1], JJ.

GUILLOT, Justice.

This is an appeal from an order which awarded a money judgment, under Texas Family Code section 14.09(c)[2], against appellant for $2,400 in child support arrearage and $1,000 in attorney's fees. In the trial court, in addition to seeking a money judgment, appellee moved, by amended motion, that appellant be held in contempt. The trial court did not, however, grant the amended motion for contempt.

1. Chief Justice, Second Court of Appeals (Retired), sitting by designation pursuant to TEX. REV.CIV.STAT.ANN. art. 1812 (Vernon Supp. 1984).

2. Unless otherwise indicated, all references are to TEX.FAM.CODE ANN. (Vernon 1975).

■ In this court, appellant's three points of error are all based on his assertion that he was entitled to, but did not receive, the same constitutional protections in the proceeding to reduce child support arrearage to judgment under section 14.09(c) as he would have been entitled to receive in a proceeding based on a motion for contempt under section 14.09(a). Specifically, appellant contends that (1) he did not receive adequate notice of the allegations in the amended motion for contempt[3] and that such lack of notice violated his due process rights under the federal and state constitutions, (2) the trial court's order containing the money judgment award is void because he did not have adequate notice of the allegations of the amended motion for contempt and (3) the trial court erred in awarding attorney's fees based on a void order. Since we conclude that the constitutional protections necessary in a proceeding based on a motion for contempt are not required in a proceeding that results solely in an order which reduces child support arrearage to money judgment, appellant's three points of error are overruled and the judgment of the trial court is affirmed.

The sole authority offered by appellant for his position that the constitutional protections that apply to a proceeding under section 14.09(c) also apply to a proceeding under section 14.09(a) is *Huff v. Huff,* 648 S.W.2d 286 (Tex.1983). The holding in *Huff,* however, is only that the ten-year statute of limitation applies to section 14.09(c) as it does to motions for contempt under section 14.09(a). 648 S.W.2d at 289. In reaching this conclusion, the supreme court stated that a motion under section 14.09(c) is like a motion under 14.09(a), but only in that the two statutes are means to enforce judgments awarding child support. *Id.* While the supreme court also stated that the hearing under section 14.09(c) is provided to guarantee due process, this statement means only that an arrearage cannot be reduced to judgment without a hearing. Nothing in *Huff* requires that the hearing under section 14.09(c) be attended by any more protections than any other civil proceeding. If the supreme court intended to extend the constitutional protections associated with a motion for contempt, a quasi-criminal proceeding, to a motion for money judgment, a purely civil proceeding, it would have done so by more than the one sentence in *Huff* relied upon by appellant. We have not been cited to and know of no authority that extends constitutional protections to the purely civil proceedings under section 14.09(c) and we decline to so hold.

■ Because appellant was not entitled to such constitutional protections, the trial court did not err in rendering its money judgment award without greater notice than was afforded to appellant and the trial court's money judgment award is not void. There is no contention that appellant did not receive the notice he was entitled to as a part of any purely civil proceeding. The order appealed from recites that "Respondent [appellant] was ordered by this Court to make payments to Movant [appellee] for support of the minor children ... in the amount of ... a total of Eleven Hundred and No/100 dollars ($1100.00) per month. The Court finds the Respondent [appellant] has not made payment as ordered and that the sum of Twenty-Four Hundred and No/100 dollars ($2400.00) is unpaid and owing for the months of October, November and December, 1983." The order then awarded appellee judgment in the sum of a $2400.00. The amended motion quoted the portion of the order requiring appellant to pay monthly child support in the amount of $1100.00 per month and then alleged that appellant had disobeyed that order by failing to pay $800.00 in October, 1983; $800.00 in November, 1983; and $800.00 in December, 1983. The motion then request-

---

3. The lack of notice complained of is that the fiat setting the amended motion for hearing contained no notice of the specific and particular allegations regarding appellant's failure to make child support payments. Appellant further claims that the deficiency in the fiat was not cured by the amended motion attached thereto because the amended motion was vague and unclear as to what acts or omissions appellant was guilty of.

ed "that the Court reduce all or part of the arrearage to a Judgment against Respondent [appellant] in the amount of $2,400.00 plus reasonable attorneys' fees and costs of suit." These allegations constitute sufficient notice to appellant of the appellee's claims against him to support the judgment against him. Consequently, appellant's three points of error are overruled.

Appellee's cross-point seeking penalties under Rule 438 of the Texas Rules of Civil Procedure is overruled.

The judgment of the trial court is affirmed. It is ORDERED that appellee Sara Crawford Gardner recover her costs of this appeal from appellant James Worthington Gardner and Lawyers Surety Corporation, as surety of appellant's appeal bond.