**Ex parte Roland Lee GOAD.**

**No. C–3747.**

Supreme Court of Texas.

June 5, 1985.

Rehearing Denied June 26, 1985.

Sharon Kutzschbach, Huntsville, for relator.

J. Andrew Rollins, Bryan, Steven C. Haley, Brenham, for respondent.

KILGARLIN, Justice.

This is an original habeas corpus proceeding arising out of an order holding Roland Lee Goad in contempt for failing to make, pursuant to a divorce decree, monthly payments of a percentage of his military retirement benefits to his wife. Of the several grounds asserted in Mr. Goad's petition for relief, all but one are clearly without support in law. Therefore, we will address only Mr. Goad's contention that the order of contempt is void because it assesses a single lump sum penalty which includes amounts barred by the two-year statute of limitations found in section 3.70(c) of the Texas Family Code.

This matter arises out of a September, 1980 divorce decree, which, in relevant part, provides:

> IT IS FURTHER ORDERED, that RO-LAND LEE GOAD shall, upon receipt of all United States Air Force Retirement benefits, immediately deliver twelve/twenty-sevenths ($^{12}\!/_{27}$) of said retirement benefit, by United States mail to MARY BETH GOAD at her current place of residence.

The divorce decree was not appealed and became final.

Mrs. Goad filed three separate motions for contempt, seeking to enforce the award of retirement benefits. The first motion alleged that Mr. Goad "failed and refused" to deliver her $^{12}\!/_{27}$ths of his U.S.A.F. retirement benefits, from and including January, 1981 to the filing of the motion, March 8, 1983. In response, Mr. Goad filed a *pro se* pleading stating that he had not been served properly with the motion; a pleading claiming that the court lacked jurisdiction; and, later, a pleading which purported to be a waiver of service. A second motion was filed October 31, 1984, and finally, a "Third Amended Motion for Contempt" was filed on December 20, 1984. Each amendment sought the arrearages which had accumulated in the interim between filings.

After a January 3, 1985 hearing on the last contempt motion, the trial court rendered a judgment of contempt and order of commitment which found Mr. Goad in civil contempt of the divorce decree. Specifically, the court found that Mr. Goad had failed to remit to his former wife $^{12}\!/_{27}$ths of the retirement benefits he received between January 30, 1981 and December 20, 1984, a sum equalling $30,099.42. Goad

was ordered held until he purged himself of contempt by paying:

> $30,099.42; i.e., twelve/twenty-sevenths ($^{12}/_{27}$) of the United States Air Force retirement benefits, which he received *from and including January 30, 1981 to December 20, 1984.*

(emphasis added). For this court to order the release of Mr. Goad, the trial court's contempt order must be void, that is, "beyond the power of the court to enter." *Ex Parte Gorena,* 595 S.W.2d 841, 843 (Tex. 1979).

Mr. Goad asserts that the lower court could not order him to pay amounts from January 30, 1981 to December 20, 1982, because these are time-barred by the two-year limitations period found in section 3.70(c) of the Texas Family Code. In relevant part, that statute provides:

> A motion to enforce the division of future property not in existence at the time of the original decree must be filed within a period of two years after the right to the property matures or accrues or after the decree becomes final, whichever is the later, or the suit is barred.

Section 3.70 itself is part of a subchapter on enforcement which was enacted in June 1983, and which had an effective date of September 1, 1983. *See* Subchapter D, "Enforcement," §§ 3.70–3.77, Tex.Fam. Code Ann. The 1983 act further provided that this new subchapter, "as added by this Act, applies to the enforcement of a decree of divorce or annulment made by a Texas court *before or after the effective date of this Act.*" (Emphasis added). Acts 1983, 68th Leg., ch. 424, § 13, p. 2350 at 2360.

▮ Prior to the enactment of section 3.70(c), motions to enforce divisions of "future property" fell within the ambit of *Huff v. Huff,* 648 S.W.2d 286 (Tex.1983), which held that the ten-year statute of limitations governing the revival and enforcement of judgments found in Tex.Rev. Civ.Stat.Ann. art. 5532 applied to a motion to reduce past-due child support to judg-

ment. *See also Squires v. Squires,* 673 S.W.2d 681, 685 (Tex.App.—Corpus Christi 1984, no writ) (the court of appeals relied on *Huff* in holding that the ten-year statute applied to a motion to reduce past-due military benefits to judgment).

▮ Mrs. Goad asserts that section 3.70(c) cannot operate to invalidate the judgment because her original motion for contempt was filed prior to the effective date of the statute. We agree with Mrs. Goad. Her former husband is not entitled to a retroactive application of the two year limitation period. At the time Mrs. Goad filed her first motion for contempt the ten year limitation period mandated by *Huff* was still applicable. Had she gone to trial on the first motion for contempt, clearly it would not have been time-barred.

The problem arises, however, that Mrs. Goad went to trial on her third motion for contempt, filed after the effective date of section 3.70(c). The trial court's contempt holding clearly orders payment of more than the last two years of arrearages. Therefore, is it void?

▮ Posed another way, we must inquire if this amended motion for contempt is "wholly based upon and grows out of a new, distinct or different transaction and occurrence[?]" Tex.Rev.Civ.Stat.Ann. art. 5539b. If the amended motion does not allege a *wholly* new, distinct or different transaction, then it relates back to the original filing and is not subject to a limitations defense.

The definitive case on the scope of the statute is *Hallaway v. Thompson,* 148 Tex. 471, 226 S.W.2d 816 (1950). In it, this court observed that "[t]he obvious purpose of article 5539b was to limit the application of the statutes of limitations to amended pleadings." 226 S.W.2d at 823. The "Third Amended Motion for Contempt" does not allege a *wholly* new and distinct transaction. The basic complaint is still the same—failure to pay court ordered division of retirement benefits. Only the amounts

due were changed by subsequent amendments.

Although not completely analogous, sufficiently in point is *First State Bank and Trust Co. of Rio Grande City v. Ramirez*, 133 Tex. 178, 126 S.W.2d 16 (1939), where subsequent pleadings alleged renewal notes increasing the amount owed on an original debt. We held that the amendments were not barred by limitations.

 Inasmuch as Tex.Fam.Code Ann. § 3.70(b) provides that proceedings to enforce divorce decrees "shall be as in civil cases generally," article 5539b is applicable to contempt actions to compel payment of retirement benefits. Therefore, applying the principle of liberality of amendments as enunciated in *Hallaway*, and supplying a literal interpretation to article 5539b, we find that Mrs. Goad's third motion for contempt did not allege a *wholly new, distinct or different transaction and occurrence.* Thus, the trial court was entitled to find Mr. Goad in contempt for his failure to pay Mrs. Goad's proportionate share of retirement benefits from January 30, 1981.

The requested habeas corpus relief is denied and Roland Lee Goad is remanded to the custody of the Sheriff of Brazos County.