OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 7, 1999

The Honorable Tim Curry
Criminal District Attorney
401 West Belknap Street
Fort Worth, Texas 76196-0201

Opinion No. JC-0122

Re: Whether a purchase from jail-commissary proceeds is subject to statutory competitive procurement requirements (RQ-0052-JC)

Dear Mr. Curry:

This office determined in Attorney General Opinion MW-439 that a purchase made with jail-commissary proceeds is subject to competitive procurement requirements. *Tex. Att'y Gen. Op. No. MW-439* (1982) at 4. After that opinion was issued, the legislature adopted section 351.0415 of the Local Government Code, *see* Act of May 28, 1989, 71st Leg., R.S., ch. 980, sec. 1, § 351.0415, 1989 Tex. Gen. Laws 4056, which gives the sheriff "exclusive control of the commissary funds" and restricts the kinds of purchases for which the sheriff may expend commissary proceeds. TEX. LOCAL GOV'T CODE ANN. § 351.0415(b)(1), (c) (Vernon 1999). You ask whether section 351.0415's adoption supersedes Attorney General Opinion MW-439 to the extent the opinion concludes that a purchase made with jail-commissary proceeds is subject to competitive procurement requirements found in the County Purchasing Act (the "Act"), chapter 262, subchapter C of the Local Government Code. *See* Letter from Honorable Tim Curry, Criminal District Attorney, to Attorney General John Cornyn (Apr. 1, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. We believe it does.

Attorney General Opinion JM-1121, about which you also ask, does not affect Attorney General Opinion MW-439. Attorney General Opinion JM-1121 applies to a contract for the operation of the commissary. *See* Tex. Att'y Gen. Op. No. JM-1121 (1989) at 1; Letter & Brief from Honorable Tom O'Connell, Collin County Criminal District Attorney, to Sarah Woelk, Assistant Attorney General (Oct. 16, 1989) *(on file with Opinion Committee) (proposing that sheriff "may operate, or contract with another person to operate," commissary)*. The opinion does not apply to a sheriff's authority (or lack thereof) to contract for goods or services to be purchased from commissary proceeds. A contract to operate a jail commissary differs from a contract to expend jail-commissary proceeds, and the legal principles applicable to one may not apply to the other. Having disposed of Attorney General Opinion JM-1121, we turn to the issue you raise.

We presume the funds at issue resemble the commissary proceeds described in Attorney General Opinion MW-439:

A private vendor [operates the jail commissary] pursuant to a
negotiated arrangement whereby the vendor pays a fixed sum (based

> upon prisoner population) and a percentage of the receipts for the concession. The purchase of items for sale, the prices to be charged for them, and other similar management decisions are left to the concessionaire. The amounts realized from the vendor are not "profits," strictly speaking, but "income" in the nature of rental income.

Tex. Att'y Gen. Op. No. MW-439 (1982) at 3. You indicate that the sheriff in your county has over $300,000 in jail-commissary proceeds. Request Letter, *supra*, at 1.

The Act generally requires a county to competitively procure a contract requiring an expenditure exceeding $25,000 from the county treasury. TEX. LOCAL GOV'T CODE ANN. § 262.023(a), (b) (Vernon 1999), *amended by* Act of May 21, 1999, 76th Leg., R.S., ch. 505, § 2, 1999 Tex. Sess. Law Serv. 2989, 2990; *see also* TEX. LOCAL GOV'T CODE ANN. § 262.022(1), (3) (Vernon 1999) (defining "bond funds" and "current funds"). "Before a county may purchase one or more items under a contract that will require an expenditure exceeding $25,000 [from the county treasury], the commissioners court . . . must comply with the competitive bidding or competitive proposal procedures prescribed by this subchapter." *Id.* § 262.023(a), *amended by* Act of May 21, 1999, 76th Leg., R.S., ch. 505, § 2, 1999 Tex. Sess. Law Serv. 2989, 2990; *see also* TEX. LOCAL GOV'T CODE ANN. §§ 262.022(3), .023(b).

This office determined in 1982 that items purchased from commissary proceeds must be purchased by the commissioners court, not by the sheriff, and that such purchases are subject to statutory competitive procurement requirements. *See* Tex. Att'y Gen. Op. No. MW-439 (1982) at 3-5. Contemporaneous state law—the Act's forerunner—required a county to purchase all supplies for the use of the "county or any of its officers, departments, or institutions" on the basis of competitive bids. *See id.* at 4 (quoting TEX. REV. CIV. STAT. ANN. art. 1659a, *repealed by* Act of May 27, 1985, 69th Leg., R.S., ch. 641, § 11(1), 1985 Tex. Gen. Laws 2377, 2384, *and replaced by* County Purchasing Act, Act of May 27, 1985, 69th Leg., R.S., ch. 641, § 1, 1985 Tex. Gen. Laws 2377, 2377-79). Because at that time (before the adoption of section 351.0415 of the Local Government Code) the sheriff had no authority either to enter a contract on behalf of the county or to spend commissary proceeds, the opinion suggests that the sheriff may not expend or determine how to expend the proceeds. *See* Tex. Att'y Gen. Op. No. MW-439 (1982) at 4-5. To the contrary, commissary proceeds must be "subject to public accountability and statutory safeguards respecting its expenditure." *Id.* at 3. Thus, the opinion concludes, only a commissioners court may expend commissary proceeds, and the court must do so in compliance with applicable competitive procurement requirements. *See id.* at 5.

Subsequently, the legislature adopted section 351.0415 of the Local Government Code, *see* Act of May 28, 1989, 71st Leg., R.S., ch. 980, sec. 1, § 351.0415, 1989 Tex. Gen. Laws 4056, which authorizes a sheriff to operate a commissary in the county jail and to expend commissary proceeds. *See* TEX. LOCAL GOV'T CODE ANN. § 351.0415 (Vernon 1999). Subsection (a) expressly authorizes

a county sheriff either to operate a jail commissary him- or herself or to contract with another person to do so. *See id.* § 351.0415(a). Subsections (b) and (c) pertain specifically to commissary proceeds:

> (b) The sheriff:
>
> > (1)    has *exclusive control* of the commissary funds; [and]
> >
> > (2)    shall maintain commissary accounts showing the amount of proceeds from the commissary operation and the amount and purpose of disbursements made from the proceeds;
> >
> > . . . .
>
> (c) The sheriff may use commissary proceeds only to:
>
> > (1)    fund, staff, and equip a program addressing the social needs of the county prisoners, including an educational or recreational program and religious or rehabilitative counseling;
> >
> > (2)    supply county prisoners with clothing, writing materials, and hygiene supplies;
> >
> > (3)    establish, staff, and equip the commissary operation; or
> >
> > (4)    fund, staff, and equip a library for the educational use of county prisoners.

*Id.* § 351.0415(b), (c) (emphasis added); *see also* Tex. Att'y Gen. Op. No. MW-143 (1980) at 2 (concluding that sheriff may operate jail commissary at profit). The county auditor must "fully examine the commissary accounts" at least once each fiscal year and report his or her findings to the commissioners court. *Id.* § 351.0415(d).

Section 351.0415 is one of a growing number of statutes authorizing the creation of special funds that appear to be outside of "county funds" for some or all purposes. For example, article 59.06 of the Code of Criminal Procedure creates, for the disposition of forfeiture proceeds, "a special fund in the" county or municipal treasury to benefit the prosecutor's office or the local law-enforcement agency. TEX. CODE CRIM. PROC. ANN. art. 59.06(c) (Vernon Supp. 1999). While the beneficiary prosecutor or law-enforcement agency has sole authority to determine how to expend the forfeiture fund, the money may be spent only after a budget has been submitted to the commissioners court. *See id.* art. 59.06(d). Similarly, the hot-check fund, established under article 102.007 of the Code of Criminal Procedure, "shall be deposited in the county treasury in a special fund to be administered by the" prosecutor whose office collects and processes a hot check. *See id.* art. 102.007(a), (f). "Expenditures from [the hot-check] fund shall be at the sole discretion of" the prosecutor. *Id.* art.

102.007(f). On the other hand, section 23.122 of the Tax Code creates the motor-vehicle-inventory-tax escrow fund held outside the county treasury, the interest on which becomes the "sole property"of the county tax assessor-collector. TEX. TAX. CODE ANN. § 23.122(c) (Vernon Supp. 1999). To the extent that the statutes creating special funds do not expressly specify, these special funds raise questions regarding their status as "county funds" and procedures applicable to them.

We conclude that an expenditure from commissary proceeds need not be competitively procured. First, an expenditure from commissary proceeds is not subject to the Act. The Act contemplates that only the county commissioners court may enter a contract on behalf of the county. See TEX. LOCAL GOV'T CODE ANN. § 262.023(a). The Act does not apply to purchases within the exclusive authority of a county official other than the county commissioners court. See id. Accordingly, the Act does not apply to an expenditure that a sheriff may make without the assistance of the commissioners court.

Because a sheriff may contract to expend commissary proceeds without the commissioners court's assistance, the sheriff need not award contracts expending such proceeds using the Act's competitive procurement procedures. Section 351.0415 gives the sheriff "exclusive control" of commissary funds. "Control" denotes "the function or power of directing and regulating; domination, command, sway." III OXFORD ENGLISH DICTIONARY 852 (1989); accord Carter v. Carter, 359 S.W.2d 184, 187 (Tex. Civ. App.–Waco 1962), writ dism'd, 362 S.W.2d 646 (Tex. 1962); see also TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (directing interpreter to define statutory words consistently with grammar and common usage). Additionally, the sheriff has sole power to decide what items to purchase from commissary proceeds (within the statutory parameters, see TEX. LOC. GOV'T CODE ANN. § 351.0415(c)) and how to select a vendor.

Second, section 351.0415 does not require the sheriff to competitively procure purchases from commissary proceeds. Subsection (b)(3), which requires a sheriff to "accept new bids to renew contracts of commissary suppliers every five years," does not apply to the expenditure of commissary proceeds. Cf. supra p. 1 (explaining why Attorney General Opinion JM-1121 (1989) does not apply).

Consequently, while a sheriff may award a contract using a competitive process, neither the Act nor section 351.0415 of the Local Government Code requires him or her to do so. Cf. id. § 351.0415(a), (b)(3). In light of this conclusion, we must conclude that section 351.0415 supersedes Attorney General Opinion MW-439 to the extent the opinion determines that the expenditure of commissary proceeds is subject to competitive bidding.

## S U M M A R Y

A sheriff may expend commissary proceeds under section 351.0415 of the Local Government Code without complying with the County Purchasing Act, chapter 262, subchapter C of the Local Government Code. To the extent Attorney General Opinion MW-439 (1982) concludes that an expenditure from commissary proceeds must be competitively bid by the county commissioners court, it has been superseded by the enactment of section 351.0415.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee