**TEXAS REAL ESTATE COMMISSION,**
Appellant,

v.

**Lela SANDEFUR et vir, Appellees.**

No. 15624.

Court of Civil Appeals of Texas.

Fort Worth.

May 27, 1955.

John Ben Shepperd, Atty. Gen., and Robert O. Fagg, Asst. Atty. Gen., for appellant.

J. Elwood Winters and Ernest May, Fort Worth, for appellees.

BOYD, Justice.

Appellee Lela Sandefur, joined by her husband, filed a petition in the District Court alleging that appellant Texas Real Estate Commission had wrongfully revoked her real estate dealer's license, and praying for an order directing appellant to license her as a real estate dealer. Trial was to the court, and judgment was rendered for appellee.

Appellee alleged that appellant heard the complaint of Mrs. Bettye Conner Duggan, charging in substance that appellee learned,

through newspaper advertising for information as to rent property, that Mrs. Duggan had a house for rent, and sent to the owner of the house a customer whom Mrs. Duggan found to be acceptable as her tenant; and that appellant found that appellee had violated the obligations of a real estate dealer by: (1) publishing advertising that was intended to mislead; (2) knowingly making substantial misrepresentation; (3) listing real property without the knowledge and consent of the owner; and (4) disregarding the obligation to procure the prescribed license for an employee engaged in real estate activity. The last finding related to Mrs. Glenn, appellee's office secretary. She further alleged that none of the findings had any basis in fact.

Appellant answered by general denial, and pleaded affirmatively that appellee had violated the obligations of a real estate dealer, as appellee alleged the appellant had found, and pleaded an additional violation in that appellee acted "for more than one party in transaction without the knowledge or consent of all parties thereto."

At the beginning of the trial, on motion of appellee, the court directed appellant to proceed with the introduction of evidence, and this action is the basis of appellant's first point of error. Appellant's position is that the burden was upon appellee to show that her license had been wrongfully revoked, and cites Texas Liquor Control Board v. Marine Exchange Social Club, Tex.Civ.App., 127 S.W.2d 967, and Isbell v. Brown, Tex.Civ.App., 196 S.W.2d 691. In each of the cited cases it was held that the burden was upon the aggrieved party to show that the action of the administrative agency was invalid. Isbell v. Brown involved an appeal by a real estate dealer whose license had been revoked by the Secretary of State, who at that time administered the Real Estate Dealers License Act. Since a writ of error was refused in that case, its holding must be regarded as an authoritative construction of the statute as it then existed.

Appellee contends, however, that the cited cases and the cases relied upon by them were governed by the "substantial evidence" rule, and since the statute governing appeals from rulings of the Texas Real Estate Commission (which Commission, instead of the Secretary of State, now administers the Act) was amended making inapplicable the substantial evidence rule, the holding in Isbell v. Brown is no longer controlling, and that the burden was on appellant to prove that appellee's license was properly revoked. When Isbell v. Brown was decided, the statute in question, Section 15(a) of Article 6573a, R.C.S., Vernon's Ann.Civ.St., provided that when an aggrieved party appealed, "The case shall be tried in the District Court de novo, upon its merits". That section was amended by Acts of the 51st Legislature, Ch. 149, p. 304, Section 1, by adding immediately after the above quotation the following: "and it shall take a preponderance of the evidence offered before said District Court for the court to enter a judgment. The substantial evidence rule shall not be used, and the right of trial by jury shall be had in all cases when called for."

■ It is an interesting point, but we do not think it is necessary for us to determine whether the amendment has the effect contended for by appellee. When directed by the court to proceed with the evidence, appellant did not, as did the defendant in the Isbell case, announce that it had nothing to offer; but, after reserving its exception, appellant proceeded to offer its evidence. It has been held that the error in requiring a defendant in a proceeding against him to assume the burden of proof and to go forward with his evidence was harmless where a full hearing was had notwithstanding the erroneous ruling of the court. Porter v. Guggenheim, Tex.Civ.App., 107 S.W.2d 891. Appellant does not contend that it was prevented from developing all the facts, nor does it appear that it suffered any injury on account of the ruling complained of. The first point is overruled.

Mrs. Duggan testified that she had a house for rent; that she did not list it with any agency during the first two weeks of January, 1954; that she saw an advertise-

ment in the January 4, 1954 edition of the Fort Worth Star-Telegram; that the advertisement said, " 'Refined couple wishes four to six room house,' " and listed two telephone numbers; that she called one of the numbers, which she believed was Fortune 4391; a lady answered, "Hello;" that witness gave this lady a description of the house she had for rent; that about a week thereafter a Mr. Saunders contacted witness and told her that he was sent to her by the Fort Worth Rental Service; that when Saunders told her that, she was "very shocked," but she rented the house to him; that she called the number again and asked the lady answering "if they had given the listing to the Fort Worth Rental Service. She said yes that she was a friend of Mrs. Sandefur and she thought if I wanted my house rented I wouldn't mind listing it with a rental service, so she gave it to them." Mrs. Duggan further testified that she asked appellee "about this apparent listing" and that appellee told her that the party answering the telephone gave it to her. Mrs. Duggan did not pay appellee anything nor did appellee ask her for any commission.

The telephones listed in the advertisement were unpublished numbers billed to L. M. Phillips, appellee's father. The telephones were located in an office where appellee operated the Fort Worth Rental Service; a witness testified that Phillips stayed in the office part of the time and helped appellee; it was shown that appellee had paid one bill for one of the telephones in the amount of $11.12.

The witness Mrs. Glenn worked part time for appellee in the office. She did not have a real estate salesman's or dealer's license. She testified that one of her duties was to answer the telephone; that she would take listings when someone would call to say they had a house they wanted appellee to help them rent; she would "take their name and phone number and the information about their house;" when people came in to pay their rent she would take the money and give them credit; that witness never wrote any advertisements; that appellee told her to answer "Hello" rather than "Fort Worth Rental Service" when Fortune 4391 rang;

that witness did not close any real estate deal, and never took a prospective customer anywhere to show him a place; that she was not paid commissions, but was paid a salary for the time she worked; that she had nothing to do with the transaction between Mrs. Duggan and Saunders and did not know anything about it.

■ The court found that appellee "did not violate any provision of Article 6573a in the transaction wherefor her real estate dealer's license was revoked by the defendant." Separate findings of fact and conclusions of law were not requested, and not filed. We must therefore presume that the court made all findings necessary to support the judgment that were warranted by the evidence. Davis v. Magnolia Petroleum Co., 134 Tex. 201, 134 S.W.2d 1042; Johnson v. Archibald, 78 Tex. 96, 14 S.W. 266; Wilkinson v. Paschall, Tex.Civ.App., 210 S.W.2d 215; Williams v. Ritcheson, Tex. Civ.App., 212 S.W.2d 813; City of Galveston v. Winslow, Tex.Civ.App., 218 S.W.2d 508.

■ Assuming that appellee placed the advertisement in the newspaper, secured the information about the house from Mrs. Duggan's answering the advertisement, and sent Saunders to Mrs. Duggan, we think the evidence warrants the conclusion that appellee in this transaction only represented a person who was looking for a house to rent. By means of the advertisement, appellee found that Mrs. Duggan had a house for rent that suited Saunders, and Mrs. Duggan found that Saunders suited her as a tenant. We do not understand that it is against the law or in violation of the obligations of a real estate dealer for him to advertise for information as to rental property for a client who wants such property. It is not claimed that the advertisement contained any statement that was untrue. The fact that appellee gave telephone numbers instead of her name or the name of her business falls short of proving that the advertising was intended to mislead in any legal sense, or was a substantial misrepresentation of anything. The only representation was that a refined couple wanted a

house with four to six rooms. There is no intimation in the evidence that the people were not refined or that they did not want such a house.

We think the evidence supports the implied finding of the court that Mrs. Glenn was not so engaged in real estate activity as to make the procuring of a license for her incumbent upon appellee. If she did more than an office secretary usually does, it is not disclosed in the record. It is difficult to see how she was engaged in real estate activity any more than a legal secretary is engaged in the practice of the law.

Finding no error, the judgment is affirmed.