**In the Interest of Kenny Lee KUYKENDALL, A Child.**

No. 06–97–00012–CV.

Court of Appeals of Texas, Texarkana.

Argued Oct. 21, 1997.

Decided Nov. 20, 1997.

---

12.  *Id.*

14.  *Id.*

James E. Fordham, Dallas, for Appellant.

Rhonda Amkraut Pressley, Assistant Attorney General, Dan Morales, Attorney General, State of Texas, John B. Worley, Assistant Attorney General, Austin, for Office of Attorney General.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Billy Kuykendall appeals from a judgment ordering him to pay eighteen years of child support. He is the father of a child who turned eighteen on February 14, 1996, and was sued to recover child support allegedly ordered as part of their divorce by a Kansas court on January 8, 1991. This is the first time any effort was made to collect the $100.00 per month reflected by the Kansas court's findings. This suit was filed in Texas by registration of the foreign decree on July 18, 1996.

Kuykendall contends the registration of the foreign decree was faulty, that the Kansas order was inadequate to order payment, and that the Texas trial court did not have jurisdiction over the cause. He also contends that at least a part of the relief granted was improper because the judgments had become dormant or because they were outside a statute of limitations. We overrule these contentions and affirm the judgment.

Billy Kuykendall and Cindy Goodbrake were married in 1976. Kenny Kuykendall was born on February 14, 1978. The parents separated in 1980, and the mother (Goodbrake) filed for divorce in January 1981 in Kansas. Temporary orders were entered ordering Kuykendall to pay $100.00 per month as child support. On May 13, 1981, the Kansas court signed a "Journal Entry/Decree of Divorce." An attached finding indicates that payment of $100.00 per month as child support by Kuykendall during the minority of the child is appropriate.

■ Kuykendall contends that the trial court erred initially by overruling his motion to dismiss because the registration of the foreign decree was ineffective. TEX. FAM. CODE ANN. § 159.606 (Vernon 1996) provides that if a party wishes to contest the validity of a registration it must be done "not later than the 20th day after the date the notice of registration was mailed or personally served." The record indicates that the document was mailed on July 18, 1996, and that Kuykendall signed a formal "waiver of service" on September 4, 1996.

The State successfully argued at trial that the latest time period for Kuykendall to contest the validity of the registration expired on September 24, 1996, one day before he answered the suit. However, Kuykendall points out that notice of the registration was never served on his ex-wife, and it is his contention that, "until it is, all concerned parties are still within their rights to complain of the registration."

Kuykendall has directed this Court to no authority suggesting that he could assert the lack of service on his ex-wife as an interposition to personal service of the notice of registration upon him. Further, the language of the statute simply provides that the "nonregistering party seeking to contest" must request the hearing no later than the twentieth

day after the date the notice of registration was mailed or personally served. Kuykendall is the nonregistering party seeking to contest, and there is no question about the date upon which the notice was mailed to him or the date on which he signed a formal "waiver of service." The issue of due process is not raised, because he had actual notice as shown by certified receipt of the notice that was mailed to him. This point of error is overruled.

■ Kuykendall also contends that the court erred by failing to find that the Kansas order was inadequate because it failed to order him to make the payments. This argument is based upon the language of the Kansas order of divorce. Kuykendall contends that the provision for $100.00 per month of child support is nothing more than a finding of the trial court and contains no language of command. Therefore, he reasons that no order to pay was ever entered, and the Texas court therefore could not enforce such a directive.

The part of the decree in which child support is set out reads as follows:

> 6. The Defendant, BILLY ARLIN KUYKENDALL, shall pay to the Clerk of the District Court of Pawnee County, Kansas, for the support of said minor child the sum of One Hundred ($100/00) per month. The first such monthly payment in the sum of One Hundred ($100.00) shall be payable on or before the 1st day of June, 1981 and the subsequent child support payments shall be made as required on the 1st day of each month thereafter during the minority of said child or until further order of this Court.

This portion of the decree does not contain the "ordered, adjudged and decreed" language that is found in other portions and as appears in the temporary order of the court providing temporary child support. However, for a court to say that a party "shall" pay a set amount to a particular place beginning on a particular date is arguably sufficient in itself to command performance. A later reference in the decree states:

> IT IS BY THE COURT FURTHER ORDERED, ADJUDGED AND DE-CREED that the care, custody and control of the said parties' minor child, KENNY

LEE KUYKENDALL, is awarded to the Plaintiff, subject, however, to the continuing jurisdiction of this Court, the Defendant's right of reasonable visitation with said child in accordance with the instructions set forth in the findings of this Court and the Defendant's obligation to provide support for said minor child, all as hereinabove set forth in the findings of this Court.

Kuykendall contends that this order is unenforceable in the same way as the one described in *Marichal v. Marichal,* 768 S.W.2d 383, 384 (Tex.App.—Houston [14th Dist.] 1989, writ denied). We disagree. In *Marichal,* the decree contained no language that directed payment of child support, but only stated that the court was "of the opinion that the best interest of the minor children would be served if respondent ... was ordered to pay the petitioner the sum of three thousand two hundred and fifty dollars ($3,250) per month, payable semi-monthly...." 768 S.W.2d at 383. The Houston court correctly stated that this "order" directed no action. In this case, the Kansas court found a particular amount to be proper, and also stated that Kuykendall "shall" pay that amount beginning on a particular date.

The language could be more direct, but is sufficient to clearly inform Kuykendall that he had a duty to pay, the place the duty was to be carried out, and the time that it was to be carried out. This point of error is overruled.

■ Kuykendall also contends that the trial court erred by failing to find that it had no jurisdiction over this case, because the allegations in the petition were that its jurisdiction was based upon "prior proceedings," and no court in Texas has ever previously maintained jurisdiction over the case. Thus, there were no "prior proceedings." The record reflects, however, that the court had jurisdiction because of the registration of the foreign judgment, and the reporter's record contains a discussion in which counsel appears to concede that registration will provide jurisdiction, and indicates that it would be a waste of time and money to require amendment, followed by yet another court hearing. Based upon this waiver of the con-

tention, we find that this argument was not preserved for review. This point of error is overruled.

■ Kuykendall also contends that the statute providing that a judgment becomes dormant at the end of ten years applies to this case; thus, the court erred by rendering judgment for the full eighteen-year period. His second line of argument under this point of error is that the ten-year description formerly within TEX. FAM.CODE ANN. § 14.41 [1] was in the nature of a statute of limitations, and that he had a vested right in its application.

The Family Code, as amended in 1995, provides that, "A child support payment not timely made constitutes a final judgment for the amount due and owing...." TEX. FAM. CODE ANN. § 157.261 (Vernon 1996).[2] Kuykendall argues that after ten years without action each such "final judgment" becomes dormant. In this argument, he relies upon *Huff v. Huff*, 648 S.W.2d 286 (Tex.1983). In that case, the Texas Supreme Court looked at the portion of a divorce decree that ordered monthly child support and held that an action to enforce an order of child support came "within the direct purview of the statute of limitation governing the revival and enforcement of judgments...." 648 S.W.2d at 289 (citing Article 5532,[3] the ten-year statute). Shortly after the Court's opinion in *Huff*, the Legislature enacted the statutory ten-year provision formerly found in the Family Code, which had the effect of confirming the rule set out in *Huff*.[4] Since *Huff* was decided, however, a number of other changes have been made in the statutory underpinning of an obligee's right to recover unpaid child support.

It is important to note that the same series of statutory amendments that removed the ten-year provision from the Family Code

also changed the language of a different part of the same statute in a significant way. The former Section 14.41 stated that the confirmation was to be reflected in one cumulative judgment for all child support unpaid and owing. TEX. FAM.CODE ANN. § 157.005 (Vernon 1996) now authorizes confirmation of the total amount of child support arrearages, without the "and owing" language. Obviously, under the language of former Section 14.41, a support payment beyond the ten-year limit was not one still "owing." We interpret this change, coupled with the simultaneous deletion of the ten-year provision, to reflect a legislative intent to permit a court to render the confirming judgment for all unpaid child support, and not merely the support unpaid for the preceding ten years. This interpretation is in line with the Texas Supreme Court's pronouncement, when construing these same provisions, that "the legislature intended that the court closely supervise child support proceedings to guarantee that the best interest of the child is always considered." *Williams v. Patton*, 821 S.W.2d 141, 144 (Tex.1991).

Pursuant to this construction the general ten-year dormancy statute then comes into play only when the arrearages are coalesced into a judgment confirming arrearages, after consideration of any offsets as authorized by the Family Code. We hold that the ten-year dormancy period then begins to run upon the signing of this judgment confirming arrearages, and not from the due date of the individual payments.

We are mindful that the Family Code makes clear that each payment, as it comes due, is a separate and final judgment.[5] We are not convinced, however, that the import of that language is to activate the general

---

1. Act of May 27, 1985, 69th Leg., R.S., ch. 232, § 9, 1985 Tex. Gen. Laws 1158, 1163 (eff.Sept. 1, 1985), *amended by* Act of Sept. 3, 1986, 69th Leg., 2d C.S., ch. 10, § 6, 1986 Tex. Gen. Laws 15, 17 (eff.Jan. 1, 1987).

2. This same language was previously found in TEX. FAM.CODE ANN. § 14.41(a). It was added in 1986.

3. *Repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 960, § 9, 1985 Tex. Gen. Laws 3242,

3322, *recodified at* TEX. CIV. PRAC. & REM CODE ANN. § 31.006, Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3270, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 935, § 1, 1995 Tex. Gen. Laws 4702, 4703.

4. John J. Sampson, *Chapter 14. Conservatorship, Possession, and Support of Children*, 21 TEX. TECH. L.REV. 1323, 1461–62 (1990) (construing Chapter 14 of the Texas Family Code).

5. TEX. FAM.CODE ANN. § 157.261 (Vernon 1996).

ten-year dormancy provision. In *Williams,* 821 S.W.2d at 152 n. 1 (Phillips, C.J., dissenting), this provision was described as being enacted "to provide a legal basis for the issuance of a writ of income withholding as provided in Family Code sections...." Thus, although labeled as "final judgments" in the Family Code, the individual monthly arrearages are not final judgments to which the dormancy statute should be applied.

■ Kuykendall's second argument is that the language added to the Family Code in 1985 contained a substantive statute of limitations which gave him a vested right to limit enforcement to no more than ten years before the motion to enforce was filed. As it existed between 1985 and 1993 in former Section 14.41, the Family Code contained language providing that:

> (b) Time Limitations. The court may not confirm the amount of child support in arrears and may not enter a judgment for unpaid child support payments that were due and owing more than 10 years before the filing of the motion to render judgment under this section.

(Emphasis added).

This language was initially interpreted by commentators as being in accord with the general law discussed above: that a judgment becomes dormant after ten years. Therefore, since each unpaid amount was a separate judgment, after ten years those judgments became dormant and could not be resurrected by the entry of a new judgment.

Some courts, however, treated this ten-year provision added to the Family Code as being something entirely different. For example, in *Sandford v. Sandford,* 732 S.W.2d 449, 451 (Tex.App.—Dallas 1987, no writ), the Dallas court concluded that the Family Code provision was a substantive limitation on the power of the court to act and that it therefore did not need to be pleaded as does a statute of limitations defense in order to avoid waiver.[6]

As noted above, when the statute was amended in 1993, the "ten-year" language was deleted, and Section 14.41(b) was rewritten to provide:

> (b) Time Limitations. The court of continuing jurisdiction retains jurisdiction to confirm the total amount of child support in arrears and enter judgment for past-due child support obligations if a motion to render judgment for the arrearages is filed within four years after: [the child becomes an adult or the decree terminates the obligation].[7]

We agree with the court in *Sandford* that the ten-year limit deleted by the 1993 amendments was not in the nature of a statute of limitations, but was instead a limitation on the power of the trial court to hear the case. Accordingly, we find Kuykendall's argument that it afforded him a vested right is without merit. This point of error is overruled.

The judgment of the trial court is affirmed.

---

6. Similarly, see *In re M.J.Z.,* 874 S.W.2d 724, 726 (Tex.App.—Houston [1st Dist.] 1994, no writ), in which the four-year portion of the statute was analyzed as not being a form of statute of limitations because it does not run from "the accrual of a cause of action, but starts to run from the time the court's jurisdiction would normally end."

7. Act of May 28, 1993, 73rd Leg., R.S., ch. 798, § 14, 1993 Tex. Gen. Laws 3169, 3174 (eff.Jan. 1, 1994). The first part of this statute is now found in TEX. FAM.CODE ANN. § 157.263 (Vernon 1996). The part requiring the motion to be filed within four years after the child becomes an adult is now found in TEX. FAM.CODE ANN. § 157.005(b) (Vernon 1996).