225 S.W.3d 11 (2005)
In the Interest of E.C.M., A Child.
No. 08-03-00503-CV.
Court of Appeals of Texas, El Paso.
August 16, 2005.
*12 Ernest Dominguez, El Paso, pro se.
Rhonda A. Pressley, Asst. Atty, Gen., Austin, for Appellee.
Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

OPINION
ANN CRAWFORD McCLURE, Justice.
This is an appeal from the trial court's confirmation that Ernest Dominguez owes Adalina S. McClure[1] $63,469.80 in unpaid child support for E.C.M. Finding no error, we affirm.

FACTUAL SUMMARY
E.C.M. was born on September 6, 1981. Dominguez and McClure were divorced on June 28, 1985, and Dominguez was ordered to pay $180 per month in child support. On May 20, 2003, the Attorney General filed a motion to confirm child support arrearages and sought recovery in the amount of $62,700.30. After a hearing by the Title IV-D master, judgment was rendered against Dominguez for $63,469.80. Dominguez was ordered to pay $1,200 per month to liquidate the arrearage. On October 3, 2003, Dominguez filed a motion for new trial, which was overruled by operation of law. A notice of appeal was filed on December 3, 2003.

TEXAS CIVIL PRACTICE & REMEDIES CODE AND CHILD SUPPORT JUDGMENTS
In Point of Error One, Dominguez argues that Texas Civil Practice & Remedies *13 Code Sections 31.006 and 34.001 are applicable to child support judgments. Specifically, he contends that any child support remaining unpaid for more than ten years cannot be enforced against him.
"A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." TEX.CIV.PRAC. & REM. CODE ANN. § 31.006 (Vernon 1997). If a writ of execution is not issued within ten years of judgment, the judgment is dormant and execution may not be issued unless the judgment is revived. TEX.CIV. PRAC. & REM.CODE ANN. § 34.001(a). However, the Texas Family Code provides that a court retains jurisdiction to confirm the total amount of child support arrearage and to render judgment for past-due support until the date all current child support, medical support, and child support arrearages, including interest and any applicable fees and costs, have been paid. TEX.FAM.CODE ANN. § 157.005(b)(Vernon 2002).[2] An order or writ for income withholding may also be issued until all current support, arrearages, interest, and any applicable fees and costs, including court-ordered attorney's fees and court costs, have been paid. TEX.FAM.CODE ANN. § 158.102.
Dominguez relies upon Huff v. Huff, 648 S.W.2d 286 (Tex.1983) to support the proposition that child support judgments fall within the purview of the Texas Civil Practice and Remedies Code. We disagree inasmuch as Huff has been superseded by statutory amendments. See In the Interest of S.C.S., 48 S.W.3d 831, 835 (Tex.App.-Houston [14th Dist.] 2001, pet. denied)(reliance on Huff is inappropriate in light of the subsequent statutory changes); In the Interest of Kuykendall, 957 S.W.2d 907, 910 (Tex.App.-Texarkana 1997, no pet.)(since Huff, a number of changes have been made in the statutory underpinning of an obligee's right to recover unpaid child support). For example, a series of amendments removed the ten-year limitation for enforcement of unpaid and owing child support, and the Legislature removed "and owing" from the statute. S.C.S., 48 S.W.3d at 835, citing Kuykendall, 957 S.W.2d at 910. Under the rule in effect at the time Huff was decided, support payments which had been delinquent for more than ten years were no longer considered "owing." Id., citing Kuykendall, 957 S.W.2d at 910. These changes were interpreted to reflect legislative intent to permit courts to render confirming judgments for all unpaid child support, not just those payments accruing within the last ten years. Id. at 835-36, citing Kuykendall, 957 S.W.2d at 910. The general ten-year dormancy provision of the Texas Civil Practice & Remedies Code only comes into play once the child support arrearages are confirmed. Id. at 836, citing Kuykendall, 957 S.W.2d at 910. The dormancy period begins to run upon the signing of the judgment confirming the arrearages and not from the due date of individual payments. Id., citing Kuykendall, 957 S.W.2d at 910.
While Dominguez is correct in his contention that Texas Civil Practice and Remedies Code Sections 31.006 and 34.001 are applicable to child support judgments, the ten-year dormancy provision does not begin to run until the arrearages are confirmed. See S.C.S., 48 S.W.3d at 836. Point of Error One is overruled.

*14 CREDIT FOR PAYMENTS MADE
In Point of Error Two, Dominguez complains that the trial court erred in failing to credit direct payments he made to McClure until 1996. He argues that the trial court refused to credit the direct payments because the divorce decree ordered him to make payments through the registry of the court. This case proceeds without benefit of a reporter's record. In the absence of the record, we cannot determine whether Dominguez requested a credit nor can we ascertain the amount of direct payments actually made to McClure. Point of Error Two is overruled.

LOST OR DESTROYED REPORTER'S RECORD
In Point of Error Three, Dominguez seeks remand because the reporter's record is unavailable. See TEX.R.APP.P. 34.6(f). He complains that the audio tape recording from the hearing was provided to court reporter, Kathleen Supnet, for transcription but she has submitted an affidavit attesting that the recording was inaudible and a transcript could not be produced. McClure responds that Dominguez (1) has not shown the tape recording is inaudible since Supnet was not the official court reporter and her affidavit was outside the appellate record; (2) did not timely request the reporter's record; and (3) has not shown the impossibility of an agreed record.
An appellant is entitled to a new trial under the following circumstances:
(1) if the appellant has timely requested a reporter's record;
(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost' or destroyed or if the proceedings were electronically recordeda significant portion of the recording has been lost or destroyed or is inaudible;
(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.
TEX.R.APP.P. 34.6(1). While we certainly agree that the reporter's record is necessary to this appeal in light of our disposition of Point of Error Two, Dominguez has failed to fully comply with the procedural rules. He has not demonstrated that the record cannot be replaced by agreement of the parties or by seeking the trial court's determination of the accuracy of a duplicate exhibit detailing the direct payments made, assuming such an exhibit exists. See TEX.R.APP.P. 34.6(f)(4). We overrule Paint of Error Three and affirm the judgment of the trial court.
NOTES
[1] The author is unrelated to Adalina S. McClure.
[2] We are aware of the recent amendment to Section 157.005. Although the change in the law took effect on June 18, 2005, it applies only to a proceeding for enforcement that is commenced on or after the effective date of the act.