COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-269-CV

 

 

IN THE INTEREST OF 

 

 

 

K.K. AND J.K., MINOR CHILDREN

                                                                                                        

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.                   
Introduction








            Appellant Jerry D. Krumwiede appeals from the trial court=s order affirming Krumwiede=s child support and medical support
arrearage.  In five issues, Krumwiede
contends that the trial court erred by misplacing the burden of proof at trial,
applying the wrong interest rate, impermissibly reviving a dormant judgment,
failing to apply the spoliation presumption, and confirming the arrearage
without legally or factually sufficient evidence.  We affirm.

II.                
Background

            Krumwiede
and Shaffer were divorced in 1984.  Two
children, K.K. and J.K., were born to the marriage before the divorce.  The original divorce decree called for
Krumwiede to make monthly child support payments of $284 to Shaffer. 

In 1987, Shaffer filed a motion to confirm the
child support arrearage that existed at that time.  By an agreed judgment, the trial court
confirmed an arrearage of $713.90 in child support and also ordered Krumwiede
to pay $284  as half of past medical
expenses incurred by the minor children. 
Krumwiede paid the $713.90 but not the $284. 

In 1989, the trial court raised Krumwiede=s monthly child support obligation to
$320.  The trial court again modified
Krumwiede=s child
support obligation in 1990 by decreasing it to $289.78 per month.  The trial court also imposed a medical
support obligation on Krumwiede with the following words:

As
additional child support, IT IS ORDERED that JEROME DELBERT KRUMWIEDE shall, as
long as child support is payable under the terms of this order, pay $105.00 per
month for medical and health insurance providing coverage for the children. 

 








The court=s
order did not specify to whom Krumwiede was to pay the $105, but another
paragraph of the order stated that Aall
payments shall be made through the District Clerk=s
Office, Child Support Division . . . and then remitted by that agency to
[Shaffer] for the support of the children.@


From 1990 until his elder child graduated from
high school in 1996, Krumwiede generally made support payments of $320 per
month, sometimes more and sometimes less. 
After his elder child graduated from high school, he made monthly
payments of $160 until his younger child graduated from high school. 








In 2003, the Office of the Attorney General (AOAG@)
filed a Amotion to
confirm child support and medical support arrearage.@[2]  An associate judge heard the motion and
confirmed an arrearage of $16,030.78. 
Krumwiede appealed the associate judge=s
ruling to the district court.  The trial
court conducted an evidentiary hearing and affirmed the associate judge=s rulings. The trial court made
findings of fact and conclusions of law, specifically including a finding that
it had ordered Krumwiede to pay $105 per month to Shaffer for medical and
health insurance as additional child support beginning September 1, 1990, and
that Krumwiede had failed to make those payments. Krumwiede filed a request
for  additional findings of fact and
conclusions of law and a motion for new trial. 
The trial court made no additional findings or conclusions, and the
motion for new trial was overruled by operation of law. 

III.              
Discussion

            a)         Burden of proof

            In his first issue, Krumwiede contends that the trial
court erred by placing the burden of proof on him at the hearing on the appeal
from the associate judge=s
proposed order.  Shaffer and OAG concede
that the trial court misplaced the burden of proof, but argue that the error
was harmless.

A party who timely appeals from the report of an
associate judge is entitled to a hearing de novo before the referring court.  Tex.
Fam. Code Ann. '
201.015(c) (Vernon 2002); see State ex rel. Latty v. Owens, 907 S.W.2d
484, 484 (Tex. 1995) (per curiam); Fountain v. Knebel,  45 S.W.3d 736, 739 (Tex. App.CDallas 2001, no pet.).  We therefore agree with Krumwiede that the
trial court erred by placing the burden of proof on him and turn to the
question of whether the error was harmful.








Error in requiring a defendant in a proceeding
against him to assume the burden of proof and go forward with his evidence is
harmless where a full hearing was had.  Tex.
Real Estate Comm=n
v. Sandefur, 279 S.W.2d 954,  955
(Tex. Civ. App.CFort
Worth 1955, no writ).  Here, just as in Sandefur,
AAppellant does not contend that [he]
was prevented from developing all the facts, nor does it appear that [he]
suffered any injury on account of the ruling complained of.@ 
Id.  We hold that under the
circumstances presented by this case, the trial court=s
error in shifting the burdens of production and proof onto Krumwiede was harmless.  We overrule Krumwiede=s
first issue.

A.                
Interest
calculation








            In his second issue, Krumwiede argues that the trial
court erred by applying the wrong interest rate to the unconfirmed support
arrearages that existed as of January 1, 2002.  
The trial court awarded the amount of support and interest calculated by
the OAG.  Krumwiede argues that the OAG
improperly computed interest on the unpaid child support and medical support at
the rate of 12% per annum between September 30, 1991, and January 1, 2002, and
6% per annum thereafter.  The trial court
awarded Shaffer the arrearage, including interest, computed by the OAG.  Krumwiede contends that the trial court
should have computed interest at the rate of 6% per annum on all of the unpaid
support back to September 30, 1991, relying on this court=s decision in In re M.C.C., 142
S.W.3d 504 (Tex. App.CFort
Worth 2004, pet. filed).  Shaffer and the
OAG argue that Krumwiede failed to preserve this issue for appellate
review.  We agree with Shaffer and the
OAG.

To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a); see also Tex.
R. Evid. 103(a)(1).  If a party
fails to do this, error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g).  To have preserved error, a party=s argument on appeal must comport with
its argument in the trial court.  Banda v. Garcia, 955 S.W.2d 270,
272 (Tex. 1997).  An appellate court cannot reverse based on
a complaint not raised in the trial court.  Id.








In his answer to the OAG=s motion to confirm the support arrearage, Krumwiede asserted as an
affirmative defense that the A[i]nterest calculated by the Attorney General is incorrect and based
on an incorrect amount and alleged arrearage.@  At trial, Krumwiede
cross-examined the OAG=s attorney
about the interest calculation but never mentioned the interest rate.  He did not object to the exhibit containing
the OAG=s interest calculation and did not mention the interest rate in his
argument.  In his motion for new trial,
Krumwiede asserted that the trial court erred by awarding Aa sum of interest which the law did not authorize as to medical
support at the time the arrearage allegedly came due.@  In his request for additional
findings of facts and conclusions of law, Krumwiede requested that the trial
court make the following conclusions of law: that the interest calculation on
the past due medical support was incorrectly calculated because no statute
authorized such interest until 2001, and that A[t]he interest calculation on the past due medical support was
incorrectly calculated at the wrong rate.@ 

In summary, Krumwiede never
apprised the trial court of his complaint that the OAG=s computation applied the wrong interest rate to both the child
support and medical support arrearages, as he now complains on appeal.  Even his request for additional conclusions
of law was insufficiently specific to make the trial court aware of his actual
complaint.  See Tex. R. App. P. 33.1(a).  Moreover, his specific complaint on appeal
does not comport with his complaint in the trial court.  See Banda, 955 S.W.2d at 272.  We therefore hold that
Krumwiede failed to preserve for appeal his complaint about the interest
rate.  We overrule his second issue.








B.                
Dormancy

            In
his third issue, Krumwiede argues that Texas Civil Practice and Remedies Code
sections 31.006 and 34.001 are applicable to child support judgments.  Specifically, he contends that any child
support remaining unpaid for more than ten years is dormant and cannot be
enforced against him.  We disagree.








AA
child support payment not timely made constitutes a final judgment for the
amount due and owing.@  Tex.
Fam. Code Ann. '
157.261 (Vernon 2002).  If a writ of
execution is not issued within ten years after the rendition of a judgment, the
judgment is dormant and execution may not be issued on the judgment unless it
is revived.  Tex. Civ. Prac. & Rem. Code Ann. '
34.001(a) (Vernon 1997).  AA dormant judgment may be revived by
scire facias or by an action of debt brought not later than the second
anniversary of the date that the judgment becomes dormant.@ 
Tex. Civ. Prac. & Rem. Code
Ann. ' 31.006
(Vernon 1997).  But the version of family
code section 157.005 applicable to this case provides that a court retains
jurisdiction to confirm the total amount of child support arrearage and to
render judgment for past‑due support until the date all current child
support, medical support, and child support arrearages, including interest and
any applicable fees and costs, have been paid. 
Act of May 27, 1999, 76th Leg., R.S., ch. 556, '
15, 1999 Tex. Gen. Laws 3062.[3]








Krumwiede argues that any unpaid support
obligation accruing more than twelve years before the OAG filed its motion to
confirm the arrearage is dormant and beyond the two-year revival provision of
civil practice and remedies code section 31.006.  To analyze his argument, we must distinguish
between the support arrearages confirmed by the 1987 judgment and those that
accrued after the 1987 judgment.  With
regard to the latter, Krumwiede=s
argument fails because family code section 157.005(b) does not grant the trial
court jurisdiction to revive dormant judgments for unpaid arrearages but
to render a new judgment confirming all past arrearages.  Thus, the trial court did not err by
rendering judgment for the full amount of the support payments that fell due
after the 1987 judgment.  See In
re E.C.M., No. 08-03-00503-CV, 2005 WL 1968775, at *1 (Tex. App.CEl Paso August 16, 2005, no pet. h.); In
re S.C.S., 48 S.W.3d 831, 836 (Tex. App.CHouston
[14th Dist.] 2001, pet. denied).

On the other hand, the support arrearage made the
subject of the 1987 judgment is subject to the dormancy and revival
provisions of civil practice and remedies code sections 31.006 and
34.001(a).  See In re E.C.M.,
2005 WL 1968775, at *2; In re S.C.S., 48 S.W.3d at 836; In re
Kuykendall, 957 S.W.2d 907, 910 (Tex. App.CTexarkana
1997, no pet.).  The ten-year dormancy
period begins to run from the day when the trial court signs the judgment
confirming the arrearages.   In re
E.C.M., 2005 WL 1968775, at *2. 
Thus, in this case, the 1987 judgment was dormant and beyond the
two-year revival period by the time the OAG filed its motion to confirm the
subsequent arrearages in 2003.  See
Tex. Civ. Prac. & Rem. Code Ann.
''  31.006, 34.001(a).








But our analysis does not end
there.  Section 16.061 of the civil
practice and remedies code expressly provides that a right of action of the
State is not barred by section 31.006.  Tex. Civ. Prac. & Rem. Code Ann. ' 16.061(a) (Vernon 1997).  In In
re TLK, the San Antonio court held that the limitations defense provided by
section 31.006 is not available to an action brought by the OAG to enforce
child support because the OAG is asserting a right of action of the State.  90 S.W.3d 833, 840 (Tex. App.CSan Antonio 2002, no pet.).  We
agree with our sister court=s analysis and hold that section 31.006=s two-year revival limitation does not apply to an action where the
OAG seeks to enforce a child support order.

Krumwiede argues that the
underlying action was not brought by the OAG because Shaffer retained her own
counsel, participated at trial, and secured an award of $6,000 in attorney=s fees.  Therefore, argues
Krumwiede, the OAG was not the principal in the suit and section 16.061(a) does
not apply.  We find Krumwiede=s argument unpersuasive.  The
OAG participated at trial; indeed, the OAG offered the most significant
evidence at trial, its record of Krumwiede=s support payments.  The OAG
continues to play a leading role in this appeal.  The OAG has pursued and continues to pursue
the State=s right of
action against Krumwiede.

We hold that the trial court
did not err by confirming the support arrearage back to and including the
unpaid portion of the 1987 judgment.  We
overrule Krumwiede=s third
issue.

C.                
Spoliation

            In
his fourth issue, Krumwiede argues that the trial court abused its discretion
by failing to apply the spoliation presumption to documents that Krumwiede
contends Shaffer should have produced in response to discovery requests.








Krumwiede does not direct us to, nor do we find,
anything in the record to suggest that he requested that the trial court apply
the spoliation presumption or that the trial court refused to do so.  We have held that a party who pleads
spoliation but does not otherwise request application of the presumption has
reserved the spoliation issue for our review.  Martinez v. Abbott Labs., 146 S.W.3d 260,
269 (Tex. App.CFort
Worth 2004, pet. denied).  But here,
Appellant did not plead spoliation; nor did he specifically raise the issue in
his motion for new trial or request for additional findings of fact and
conclusions of law.  We therefore hold
that Appellant has failed to preserve error on the question of spoliation and
overrule his fourth issue.  See Tex. R. App. P. 33.1(a).

D.                
Legal and
factual sufficiency

            In his fifth and final issue, Appellant challenges the
legal and factual sufficiency of the evidence to support the trial court=s confirmation of the medical support
arrearage for any year after 1995.








A legal sufficiency challenge may only be sustained
when:  (1) the record discloses a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of a
vital fact.  Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526
U.S. 1040 (1999); Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error,
38 TEX. L. REV. 361, 362-63 (1960).  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable factfinder could, and
disregard evidence contrary to the finding unless a reasonable factfinder could
not.  City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). 
Anything more than a scintilla of evidence is legally sufficient to
support the finding.  Cont=l Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); Leitch v. Hornsby,
935 S.W.2d 114, 118 (Tex. 1996).  More
than a scintilla of evidence exists if the evidence furnishes some reasonable
basis for differing conclusions by reasonable minds about the existence of a
vital fact.  Rocor Int=l, Inc. v. Nat=l Union Fire Ins.
Co.,
77 S.W.3d 253, 262 (Tex. 2002).








An assertion that the
evidence is factually insufficient to support a fact finding means that the
evidence supporting the finding is so weak or the evidence to the contrary is
so overwhelming that the answer should be set aside and a new trial
ordered.  Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965).  We are
required to consider all of the evidence in the case in making this
determination, not just the evidence that supports the finding.  Mar. Overseas Corp. v. Ellis, 971
S.W.2d 402, 406-07 (Tex.), cert. denied, 525 U.S. 1017 (1998).

Appellant contends that the
record proves that he provided health insurance coverage for his children in
lieu of making the court-ordered medical support payments for years after 1995.[4]  Even if his contention is true, it is not
relevant to his sufficiency challenges. 
The record reflects, and the trial court found, that Krumwiede was
ordered to pay Shaffer $105 per month for the children=s medical and health insurance beginning September 1, 1990.  The mere fact that the trial court directed Krumwiede
to pay the $105 in one paragraph of its order and specified to whom he was to
make all payments in a different paragraph of the same order does not undermine
the trial court=s finding;
the plain meaning of the two paragraphs, read together, is that Krumwiede was
to pay $105 per month to Shaffer through the District Clerk=s office.  Furthermore, nothing
in the trial court=s 1991 order
permitted Krumwiede to provide insurance coverage in lieu of the monthly
payment.  Krumwiede admitted at trial
that he did not make the court-ordered medical support payments. 








We therefore hold that the
evidence was both factually and legally sufficient to support the trial court=s confirmation of the unpaid medical support arrearage, including the
arrearage for those years in which Krumwiede allegedly provided insurance
coverage in lieu of the medical support payments.  We overrule Krumwiede=s fifth issue.

IV.             
Conclusion

            Having
overruled all of Krumwiede=s
issues, we affirm the judgment of the trial court.  See Tex.
R. App. P. 43.2.

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  January 19, 2006











[1]See Tex. R. App. P. 47.4.





[2]Shaffer
testified that between 1991 and 2003 she battled cancer and was unable to
afford an attorney to pursue an action against Krumwide for his failure to pay
the additional $105 of child support. 
Shaffer contacted the OAG, which had difficulty locating Krumwiede for
some time.  Also during this time,
Shaffer remarried, and her new husband carried her children on his American
Airlines insurance at no cost. 





[3]The
current version of section 157.005 limits a trial court=s
jurisdiction to confirm support arrearages to enforcement motions filed not
later than the tenth anniversary after the child becomes an adult or the child
support obligation terminates.  Tex. Fam. Code Ann. '
157.005(b).  But the new version applies
only to enforcement actions filed on or after June 18, 2005.  See Act of May 29, 2005, 79th Leg.,
R.S., ch. 916, ' 33,
2005 Tex. Sess. Law Serv. 3158 (Vernon).





[4]Although
Krumwiede contends that he paid for insurance coverage through his employer in
Arizona the entire time, his testimony to that effect was controverted by both
children, who testified that they did not receive insurance cards from him
until after they turned eighteen.