IN RE KK AND JK, MINOR CHILDREN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-269-CV

IN THE INTEREST OF 

K.K. AND J.K., MINOR CHILDREN

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Jerry D. Krumwiede appeals from the trial court’s order affirming Krumwiede’s child support and medical support arrearage.  In five issues, Krumwiede contends that the trial court erred by misplacing the burden of proof at trial, applying the wrong interest rate, impermissibly reviving a dormant judgment, failing to apply the spoliation presumption, and confirming the arrearage without legally or factually sufficient evidence.  We affirm.

Background

Krumwiede and Shaffer were divorced in 1984.  Two children, K.K. and J.K., were born to the marriage before the divorce.  The original divorce decree called for Krumwiede to make monthly child support payments of $284 to Shaffer. 

In 1987, Shaffer filed a motion to confirm the child support arrearage that existed at that time.  By an agreed judgment, the trial court confirmed an arrearage of $713.90 in child support and also ordered Krumwiede to pay $284  as half of past medical expenses incurred by the minor children.  Krumwiede paid the $713.90 but not the $284. 

In 1989, the trial court raised Krumwiede’s monthly child support obligation to $320.  The trial court again modified Krumwiede’s child support obligation in 1990 by decreasing it to $289.78 per month.  The trial court also imposed a medical support obligation on Krumwiede with the following words:

As additional child support, IT IS ORDERED that JEROME DELBERT KRUMWIEDE shall, as long as child support is payable under the terms of this order, pay $105.00 per month for medical and health insurance providing coverage for the children. 

The court’s order did not specify to whom Krumwiede was to pay the $105, but another paragraph of the order stated that “all payments shall be made through the District Clerk’s Office, Child Support Division . . . and then remitted by that agency to [Shaffer] for the support of the children.” 

From 1990 until his elder child graduated from high school in 1996, Krumwiede generally made support payments of $320 per month, sometimes more and sometimes less.  After his elder child graduated from high school, he made monthly payments of $160 until his younger child graduated from high school. 

In 2003, the Office of the Attorney General (“OAG”) filed a “motion to confirm child support and medical support arrearage.”
(footnote: 2)  An associate judge heard the motion and confirmed an arrearage of $16,030.78.  Krumwiede appealed the associate judge’s ruling to the district court.  The trial court conducted an evidentiary hearing and affirmed the associate judge’s rulings. The trial court made findings of fact and conclusions of law, specifically including a finding that it had ordered Krumwiede to pay $105 per month to Shaffer for medical and health insurance as additional child support beginning September 1, 1990, and that Krumwiede had failed to make those payments. Krumwiede filed a request for  additional findings of fact and conclusions of law and a motion for new trial.  The trial court made no additional findings or conclusions, and the motion for new trial was overruled by operation of law. 

Discussion

Burden of proof

In his first issue, Krumwiede contends that the trial court erred by placing the burden of proof on him at the hearing on the appeal from the associate judge’s proposed order.  Shaffer and OAG concede that the trial court misplaced the burden of proof, but argue that the error was harmless.

A party who timely appeals from the report of an associate judge is entitled to a hearing de novo before the referring court.  
Tex. Fam. Code Ann.
 § 201.015(c) (Vernon 2002); 
see State ex rel. Latty v. Owens
, 907 S.W.2d 484, 484 (Tex. 1995) (per curiam); 
Fountain v. Knebel, 
 45 S.W.3d 736, 739 (Tex. App.—Dallas 2001, no pet.).  We therefore agree with Krumwiede that the trial court erred by placing the burden of proof on him and turn to the question of whether the error was harmful.

Error in requiring a defendant in a proceeding against him to assume the burden of proof and go forward with his evidence is harmless where a full hearing was had.  
Tex. Real Estate Comm’n v. Sandefur
, 279 S.W.2d 954,  955 (Tex. Civ. App.—Fort Worth 1955, no writ).  Here, just as in 
Sandefur
, “Appellant does not contend that [he] was prevented from developing all the facts, nor does it appear that [he] suffered any injury on account of the ruling complained of.”  
Id.
  We hold that under the circumstances presented by this case, the trial court’s error in shifting the burdens of production and proof onto Krumwiede was harmless.  We overrule Krumwiede’s first issue.

Interest calculation

In his second issue, Krumwiede argues that the trial court erred by applying the wrong interest rate to the unconfirmed support arrearages that existed as of January 1, 2002.   The trial court awarded the amount of support and interest calculated by the OAG.  Krumwiede argues that the OAG improperly computed interest on the unpaid child support and medical support at the rate of 12% per annum between September 30, 1991, and January 1, 2002, and 6% per annum thereafter.  The trial court awarded Shaffer the arrearage, including interest, computed by the OAG.  Krumwiede contends that the trial court should have computed interest at the rate of 6% per annum on all of the unpaid support back to September 30, 1991, relying on this court’s decision in 
In re M.C.C.
, 142 S.W.3d 504 (Tex. App.—Fort Worth 2004, pet. filed).  Shaffer and the OAG argue that Krumwiede failed to preserve this issue for appellate review.  We agree with Shaffer and the OAG.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  
To have preserved error, a party’s argument on appeal must comport with its argument in the trial court.  
Banda v. Garcia,
 955 S.W.2d 270, 272 (Tex. 1997)
.  
An appellate court cannot reverse based on a complaint not raised in the trial court
.  
Id.

In his answer to the OAG’s motion to confirm the support arrearage, Krumwiede asserted as an affirmative defense that the “[i]nterest calculated by the Attorney General is incorrect and based on an incorrect amount and alleged arrearage.”  At trial, Krumwiede cross-examined the OAG’s attorney about the interest calculation but never mentioned the interest rate.  He did not object to the exhibit containing the OAG’s interest calculation and did not mention the interest rate in his argument.  In his motion for new trial, Krumwiede asserted that the trial court erred by awarding “a sum of interest which the law did not authorize as to medical support at the time the arrearage allegedly came due.”  In his request for additional findings of facts and conclusions of law, Krumwiede requested that the trial court make the following conclusions of law: that the interest calculation on the past due medical support was incorrectly calculated because no statute authorized such interest until 2001, and that “[t]he interest calculation on the past due medical support was incorrectly calculated at the wrong rate.” 

In summary, Krumwiede never apprised the trial court of his complaint that the OAG’s computation applied the wrong interest rate to both the child support and medical support arrearages, as he now complains on appeal.  Even his request for additional conclusions of law was insufficiently specific to make the trial court aware of his actual complaint.  
See
 
Tex. R. App. P.
 33.1(a).  Moreover, his specific complaint on appeal does not comport with his complaint in the trial court.  
See 
Banda,
 955 S.W.2d at 272
.  We therefore hold that Krumwiede failed to preserve for appeal his complaint about the interest rate.  We overrule his second issue.

Dormancy

In his third issue, Krumwiede argues that Texas Civil Practice and Remedies Code sections 31.006 and 34.001 are applicable to child support judgments.  Specifically, he contends that any child support remaining unpaid for more than ten years is dormant and cannot be enforced against him.  We disagree.

“A child support payment not timely made constitutes a final judgment for the amount due and owing.”  
Tex. Fam. Code Ann. 
§ 157.261 (Vernon 2002).  If a writ of execution is not issued within ten years after the rendition of a judgment, the judgment is dormant and execution may not be issued on the judgment unless it is revived.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 34.001(a) (Vernon 1997).
  “A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 31.006 (Vernon 1997).  But the version of family code section 157.005 applicable to this case provides that a court retains jurisdiction to confirm the total amount of child support arrearage and to render judgment for past-due support until the date all current child support, medical support, and child support arrearages, including interest and any applicable fees and costs, have been paid.  Act of May 27, 1999, 76th Leg., R.S., ch. 556, § 15, 1999 Tex. Gen. Laws 3062.
(footnote: 3)
 Krumwiede argues that any unpaid support obligation accruing more than twelve years before the OAG filed its motion to confirm the arrearage is dormant and beyond the two-year revival provision of civil practice and remedies code section 31.006.  To analyze his argument, we must distinguish between the support arrearages confirmed by the 1987 judgment and those that accrued after the 1987 judgment.  With regard to the latter, Krumwiede’s argument fails because family code section 157.005(b) does not grant the trial court jurisdiction to revive 
dormant
 judgments for unpaid arrearages but to render a 
new
 judgment confirming all past arrearages.  Thus, the trial court did not err by rendering judgment for the full amount of the support payments that fell due after the 1987 judgment.  
See
 
In re E.C.M.
, No. 08-03-00503-CV, 2005 WL 1968775, at *1 (Tex. App.—El Paso August 16, 2005, no pet. h.); 
In re S.C.S.
, 48 S.W.3d 831, 836 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

On the other hand, the support arrearage made the subject of the 1987 judgment 
is
 subject to the dormancy and revival provisions of civil practice and remedies code sections 31.006 and 34.001(a).  
See
 
In re E.C.M.
, 2005 WL 1968775, at *2; 
In re S.C.S.
, 48 S.W.3d at 836; 
In re Kuykendall
, 957 S.W.2d 907, 910 (Tex. App.—Texarkana 1997, no pet.).  The ten-year dormancy period begins to run from the day when the trial court signs the judgment confirming the arrearages.  
 
In re E.C.M.
, 2005 WL 1968775, at *2.  Thus, in this case, the 1987 judgment was dormant and beyond the two-year revival period by the time the OAG filed its motion to confirm the subsequent arrearages in 2003.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §
§ 
 31.006, 34.001(a).

But our analysis does not end there.  Section 16.061 of the civil practice and remedies code expressly provides that a right of action of the State is not barred by section 31.006.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.061(a) (Vernon 1997).  In 
In re TLK
, the San Antonio court held that the limitations defense provided by section 31.006 is not available to an action brought by the OAG to enforce child support because the OAG is asserting a right of action of the State.  90 S.W.3d 833, 840 (Tex. App.—San Antonio 2002, no pet.).  We agree with our sister court’s analysis and hold that section 31.006’s two-year revival limitation does not apply to an action where the OAG seeks to enforce a child support order.

Krumwiede argues that the underlying action was not brought by the OAG because Shaffer retained her own counsel, participated at trial, and secured an award of $6,000 in attorney’s fees.  Therefore, argues Krumwiede, the OAG was not the principal in the suit and section 16.061(a) does not apply.  We find Krumwiede’s argument unpersuasive.  The OAG participated at trial; indeed, the OAG offered the most significant evidence at trial, its record of Krumwiede’s support payments.  The OAG continues to play a leading role in this appeal.  The OAG has pursued and continues to pursue the State’s right of action against Krumwiede.

We hold that the trial court did not err by confirming the support arrearage back to and including the unpaid portion of the 1987 judgment.  We overrule Krumwiede’s third issue.

Spoliation

In his fourth issue, Krumwiede argues that the trial court abused its discretion by failing to apply the spoliation presumption to documents that Krumwiede contends Shaffer should have produced in response to discovery requests.

Krumwiede does not direct us to, nor do we find, anything in the record to suggest that he requested that the trial court apply the spoliation presumption or that the trial court refused to do so.  We have held that a party who pleads spoliation but does not otherwise request application of the presumption has reserved the spoliation issue for our review.
  Martinez v. Abbott Labs.
, 146 S.W.3d 260, 269 (Tex. App.—Fort Worth 2004, pet. denied).  But here, Appellant did not plead spoliation; nor did he specifically raise the issue in his motion for new trial or request for additional findings of fact and conclusions of law.  We therefore hold that Appellant has failed to preserve error on the question of spoliation and overrule his fourth issue.  
See 
Tex. R. App. P.
 33.1(a).

Legal and factual sufficiency

In his fifth and final issue, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court’s confirmation of the medical support arrearage for any year after 1995.

A legal sufficiency challenge may only be sustained when:  (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999);
 Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)
.  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could, and disregard evidence contrary to the finding unless a reasonable factfinder could not.
  
City of Keller v. Wilson
, 
168 S.W.3d 802, 827
 (Tex. 2005).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cont’l Coffee Prods. Co. v. Cazarez
, 937 S.W.2d 444, 450 (Tex. 1996); 
Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact.  
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).

Appellant contends that the record proves that he provided health insurance coverage for his children in lieu of making the court-ordered medical support payments for years after 1995.
(footnote: 4)  Even if his contention is true, it is not relevant to his sufficiency challenges.  The record reflects, and the trial court found, that Krumwiede was ordered to pay Shaffer $105 per month for the children’s medical and health insurance beginning September 1, 1990.  The mere fact that the trial court directed Krumwiede to pay the $105 in one paragraph of its order and specified to whom he was to make all payments in a different paragraph of the same order does not undermine the trial court’s finding; the plain meaning of the two paragraphs, read together, is that Krumwiede was to pay $105 per month to Shaffer through the District Clerk’s office.  Furthermore, nothing in the trial court’s 1991 order permitted Krumwiede to provide insurance coverage in lieu of the monthly payment.  Krumwiede admitted at trial that he did not make the court-ordered medical support payments. 

We therefore hold that the evidence was both factually and legally sufficient to support the trial court’s confirmation of the unpaid medical support arrearage, including the arrearage for those years in which Krumwiede allegedly provided insurance coverage in lieu of the medical support payments.  We overrule Krumwiede’s fifth issue.

Conclusion

Having overruled all of Krumwiede’s issues, we affirm the judgment of the trial court.  
See 
Tex. R. App. P.
 43.2.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  January 19, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Shaffer testified that between 1991 and 2003 she battled cancer and was unable to afford an attorney to pursue an action against Krumwide for his failure to pay the additional $105 of child support.  Shaffer contacted the OAG, which had difficulty locating Krumwiede for some time.  Also during this time, Shaffer remarried, and her new husband carried her children on his American Airlines insurance at no cost. 

3:
The current version of section 157.005 limits a trial court’s jurisdiction to confirm support arrearages to enforcement motions filed not later than the tenth anniversary after the child becomes an adult or the child support obligation terminates.  
Tex. Fam. Code Ann
. § 157.005(b).  But the new version applies only to enforcement actions filed on or after June 18, 2005.  
See 
Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 33, 2005 Tex. Sess. Law Serv. 3158 (Vernon).

4:
Although Krumwiede contends that he paid for insurance coverage through his employer in Arizona the entire time, his testimony to that effect was controverted by both children, who testified that they did not receive insurance cards from him until after they turned eighteen.